UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GENERAL ELECTRIC CAPITAL
CORPORATION; CEF FUNDING II,
L.L.C. and CEF FUNDING V, LLC,

        Plaintiffs,

   v.

TEN FORWARD DINING, INC.;
DELIGHTFUL DINING, INC.; TGIA
RESTAURANTS, INC.; KOBRA
RESTAURANT PROPERTIES, L.L.C.;
ABOLGHASSEM ALIZADEH; THE
MECHANICS BANK; EQUITY
LENDERS, LLC; APEX PROPERTY
ADVISORS INC.; KEY REAL ESTATE
EQUITY CAPITAL, INC.; COUNTRY
OF SACRAMENTO DEPARTMENT OF
PUBLIC WORKS ADMINISTRATION;
STATE OF CALIFORNIA EMPLOYMENT
DEVELOPMENT DEPARTMENT; UNITED
STATES OF AMERICA; CITY OF
CITRUS HEIGHTS; CITY OF ELK
GROVE; CITY OF REDDING; CITY
OF GRASS VALLEY; COUNTY OF
PLACER; COUNTY OF SACRAMENTO;
COUNTY OF SHASTA; COUNTY OF
NEVADA, AND DOES 1 - 100,
INCLUSIVE,

        Defendants.
_____/

NO. CIV. S-09-3296 FCD/DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter comes before the court on the motion of plaintiffs General Electric Capital Corporation, CEF Funding II, L.L.C., and CEF Funding V, LLC (collectively, "plaintiffs" or "GE") to strike the answer of defendants Ten Forward Dining, Inc. ("Ten Forward"), Delightful Dining, Inc. ("Delightful Dining"), and TGIA Restaurants, Inc. ("TGIA") (collectively, the "corporate defendants"). Plaintiffs request that the corporate defendants' answer to the complaint be stricken as a sanction for the failure to obtain counsel to defend themselves in this action. No opposition to plaintiffs' motion has been filed. For the reasons set forth below,[1] plaintiffs' motion to strike is GRANTED.

## BACKGROUND

In November 2009, plaintiffs filed this action against a number of defendants as a means of redress for alleged breach of loan documents. (Compl. [Docket #1], filed Nov. 25, 2009). The corporate defendants, along with defendants Kobra Restaurant Properties, LLC ("Kobra Restaurant") and Abolghassem Alizadeh ("Alizadeh"), filed an answer in January 2010 through counsel, Patricia Lee. (Answer [Docket #11], filed Jan. 11, 2010). In October 2010, Patricia Lee filed a Motion to Withdraw as Attorney. (Mot. to Withdraw [Docket #60], filed Oct. 15, 2010). On October 29, 2010, the court granted the motion to withdraw and informed defendants that corporations cannot appear in the action without legal counsel. (Order [Docket #64], filed Oct. 29,

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

2010). The court directed defendant corporations to retain alternate counsel within 30 days of the court order. (Id.)

In May 2011, the court permitted defendants Kobra Restaurant and Alizadeh to substitute Paul Anthony Warner as their attorney of record. (Order, [Docket ##70-71], filed May 13, 2011). However, the corporate defendants have yet to retain alternate counsel, despite the court's order directing them to do so. (Pl.'s Mot. to Strike [Docket #72], filed May 24, 2011, at 4).

**ANALYSIS**

Plaintiffs move to strike the corporate defendants answer as a sanction for their failure to retain alternate counsel in accordance with the court order.

"It is a longstanding rule that [c]orporations and other unincorporated associations must appear in court through an attorney." D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004) (citation and quotation marks omitted, second modification in original); E Dist. Local Rule 183(a). Further, a court may sanction corporate defendants by striking their answer when they fail to retain counsel to defend themselves. See Galtieri-Carlson v. Victoria M. Morton Enters., Inc., No. 2:08-cv01777, 2010 WL 3386473, at *3 (E.D. Cal. Aug. 26, 2010) (sanctioning corporate defendants by striking their answer when they failed to retain alternate counsel after the withdrawal of their original counsel); Rojas v. Hawgs Seafood Bar, Inc., No. C08-03819, 2009 WL 1255538, at *1 (N.D. Cal. May 5, 2009) ("When a corporation fails to retain counsel to represent it in an action, its answer may be stricken").

Pursuant to the local rule and applicable case law, the corporate defendants may not appear in this case without counsel. The corporate defendants' original counsel withdrew in October 2010, and the corporate defendants have failed to retain alternate counsel since that date. This inaction is in direct violation of the court's order. As such, the corporate defendants' answer is stricken.

**CONCLUSION**

Accordingly, for the foregoing reasons, plaintiffs' motion to sanction the corporate defendants by striking their answer is GRANTED.

IT IS SO ORDERED.

DATED: June 22, 2011.

FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

4