UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

GENERAL ELECTRIC CAPITAL
CORPORATION; CEF FUNDING II
L.L.C. and CEF FUNDING V, LLC,

        Plaintiffs,

  v.

TEN FORWARD DINING, INC.;
DELIGHTFUL DINING, INC.; KOBRA
RESTAURANT PROPERTIES, L.L.C.,
et al

        Defendants.
_____

Civ. No. S-09-3296 FCD EFB

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiffs, General Electric Capital, CEF Funding II, L.L.C., and CEF Funding V, L.L.C.'s (collectively "plaintiffs") motion for summary judgment or, in the alternative, partial summary judgment against defendants Ten Forward Dining, Inc. ("Ten Forward"), Delightful Dining, Inc. ("Delightful Dining"), TGIA Restaurants ("TGIA"), Kobra Restaurant Properties, LLC ("Kobra"), and Abolghassem Alizadeh ("Alizadeh") (collectively, "defendants"). Defendants

Alizadeh and Kobra oppose the motion.  For the reasons set forth below,[1] plaintiff's motion is GRANTED.

### BACKGROUND

This action involves defendants attempt to seek redress for alleged breach of several loan documents consummated by plaintiff and the above named defendants.  Defendants Ten Forward, Delightful Dining, TGIA and Kobra each entered into at least one "Equipment Loan and Security Agreement" with plaintiffs. (Pls.' Stmt. of Uncontroverted Facts [UF], filed Aug. 09, 2011, [Docket # 85-2], ¶¶ 1, 12, 21, 32, 45, 56.)  To secure the loan, defendants granted plaintiffs a security interest in a wide variety of defendants' property, including, but not limited to: inventory, equipment, goodwill, furniture, machinery and appliances, among others.[2]  (UF ¶¶ 3, 14, 23, 34, 47, 58.) Plaintiffs perfected their security interests in the various collateral by either (1) filing a UCC Financing Statement with the California Secretary of State or (2) filing the deed of trust

---

[1]   Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

[2]   Defendants contend that UF 34 is "disputed" because "Alizadeh was not involved in and has no knowledge of the account during this time period." (Defs.' Resp., filed Sept. 02, 2011, [Docket # 89-2], ¶ 34.)  Plaintiff, however, provided a true and correct copy of the loan agreement establishing the accuracy of UF 34.  Thus, UF 34 is undisputed. (Declaration of Mark Johnson, filed Aug. 09, 2011, [Docket # 86], ¶ 35.); Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion . . . the court may consider the fact undisputed for purposes of the motion.")  The loan agreement was originally made between plaintiffs and Capital City Restaurants, Inc; it was later assigned to TGIA and guarantied by Alizadeh.  (Id. ¶ 40, Ex. U.)

with the relevant county.[3] (UF ¶¶ 4, 15, 24, 35, 49, 60.)

As an inducement to plaintiffs to make the aforementioned loans, Alizadeh executed and delivered to plaintiffs an unconditional guaranty of payment and performance, personally guaranteeing the obligations owed under the loans described above.[4] (UF ¶¶ 5, 16, 25, 36, 50, 61.) To secure the Ten Forward and Ten Forward/Delightful Dining Loans, Alizadeh executed a security agreement, granting plaintiffs a security interest in a wide variety of Alizadeh's property, including, but not limited to: equipment, furniture, property, and raw materials. (UF ¶¶ 6, 26.) Plaintiffs perfected their interest in the Alizedah collateral by filing a UCC Financing Statement with California Secretary of State. (UF ¶¶ 7, 27.)

Defendants, and each of them, failed to make scheduled payments of principal and interest due pursuant to the loan terms.[5] (UF ¶¶ 9, 18, 29, 42, 52, 63.) As of the date of

---

[3] Defendants "dispute" UF 35 for the same reason it disputed UF 34. Defendants' contentions in that regard are unavailaing for the same reason as stated above — plaintiff submitted the security instrument to the court establishing the accuracy of the statement. (See Declaration of Mark Johnson, filed Aug. 09, 2011, [Docket # 86], ¶ 38.)

[4] Defendants contend that the UF 61 is "disputed" because th loan was paid in full, and thus, the guaranty was dissolved. However, while plaintiffs submitted admissible evidence of the default, defendants have failed to set forth any evidence in support of this contention, and thus, have failed to raise a genuine issue of material fact. Moreover, the entire amount of the debt was accelerated, and thus, the entire amount of the loan is due and owing, not just the amount required to bring the loan current.

[5] Defendants contend that the failure to make payments on the Ten Forward and Kobra loans is "disputed" because the "time frame is not clear." This, however, is not a proper objection. Plaintiffs submitted admissible evidence in the form of its representative's declaration that defendants failed to make

3

plaintiffs' motion for summary judgment, each defendant remained in default on the loan obligations. (Id.)  Plaintiffs have accelerated the obligations owing under the loan documents, thus, the amounts owing under the various loans are currently due in full, pursuant to the terms of the loan documents. (Id,)

In November 2009, plaintiffs filed this action alleging breach of the various loan documents. (Compl., filed Nov. 25, 2009, [Docket # 1].). The corporate defendants, along with defendants Kobra and Alizadeh, filed an answer in January 2010 through counsel, Patricia Lee. (Answer, filed Jan. 11, 2010, [Docket # 11].)  In October 2010, Patricia Lee filed a Motion to Withdraw as Attorney. (Mot. to Withdraw, filed Oct. 15, 2010, [Docket # 60].)  On October 29, 2010, the court granted the motion to withdraw and informed defendants that corporations cannot appear in the action without legal counsel. (Order, filed Oct. 29, 2010, [Docket # 64].)  The court directed the corporate defendants to retain alternate counsel within 30 days of the court order. ( Id.)

In May 2011, the court permitted defendants Kobra and Alizadeh to substitute Paul Anthony Warner as their attorney of record. (Order, filed May 13, 2011,[Docket ## 70-71].)  However, the corporate defendants Ten Forward, Delightful Dining, and TGIA failed to retain alternate counsel, despite the court's order

---

required payments on the loans.  Defendants failed to submit admissible evidence to create a triable issue as to whether it did fail to make scheduled payments on the various loans. Indeed, defendants admit, in their opposition, that they missed payments. (Pls.' Opp'n, filed Sept. 02, 2011, [Docket # 89] at 2:21.); See Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion . . . the court may consider the fact undisputed for purposes of the motion.")

4

directing them to do so. (Pl.'s Mot. to Strike [Docket # 72], filed May 24, 2011, at 4). Accordingly, the court granted plaintiffs' motion to sanction those corporate defendants by striking their answer. (Order, filed May 24, 2011, [Docket # 72].)[6]

**STANDARD**

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made

---

[6] Plaintiffs contend that the court should enter summary judgment against defendants Ten Forward, Delightful Dining, and TGIA, as their answer has been struck, and thus, the allegations in the complaint are deemed admitted. "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegations is not denied." Fed. R. Civ. P. 8(b)(6). Where a party fails to deny the allegations in the complaint, those allegations must be taken as admitted. Fontes v. Porter, 156 F.2d 956, 957 (9th Cir.1945). In this case, the answer of defendants Ten Forward, Delightful Dining, and TGIA were stricken by the court for failure to obtain counsel. None of these defendants either filed a renewed answer or obtained corporate counsel. Thus, the allegations in the complaint against these corporate defendants are deemed admitted.

5

1  in reliance solely on the 'pleadings, depositions, answers to
2  interrogatories, and admissions on file.'"  Id. at 324.  Indeed,
3  summary judgment should be entered against a party who fails to
4  make a showing sufficient to establish the existence of an
5  element essential to that party's case, and on which that party
6  will bear the burden of proof at trial.  Id. at 322.  In such a
7  circumstance, summary judgment should be granted, "so long as
8  whatever is before the district court demonstrates that the
9  standard for entry of summary judgment, as set forth in Rule
10 56(c), is satisfied."  Id. at 323.

   If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-289 (1968).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Id. at 251-52.

   In the endeavor to establish the existence of a factual

6

1  dispute, the opposing party need not establish a material issue
2  of fact conclusively in its favor.  It is sufficient that "the
3  claimed factual dispute be shown to require a jury or judge to
4  resolve the parties' differing versions of the truth at trial."
5  First Nat'l Bank, 391 U.S. at 289.  Thus, the "purpose of summary
6  judgment is to 'pierce the pleadings and to assess the proof in
7  order to see whether there is a genuine need for trial.'"
8  Matsushita, 475 U.S. at 587 (quoting Rule 56(e) advisory
9  committee's note on 1963 amendments).
10     In resolving the summary judgment motion, the court examines
11 the pleadings, depositions, answers to interrogatories, and
12 admissions on file, together with the affidavits, if any.  Rule
13 56(c); SEC v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir.
14 1982).  The evidence of the opposing party is to be believed, and
15 all reasonable inferences that may be drawn from the facts placed
16 before the court must be drawn in favor of the opposing party.
17 Anderson, 477 U.S. at 255.  Nevertheless, inferences are not
18 drawn out of the air, and it is the opposing party's obligation
19 to produce a factual predicate from which the inference may be
20 drawn.  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224,
21 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).
22     Finally, to demonstrate a genuine issue, the opposing party
23 "must do more than simply show that there is some metaphysical
24 doubt as to the material facts. . . . Where the record taken as a
25 whole could not lead a rational trier of fact to find for the
26 nonmoving party, there is no 'genuine issue for trial.'"
27 Matsushita, 475 U.S. at 586-87, 106 S. Ct. at 1356.
28 ///

**ANALYSIS**

Defendants Alizadeh and Kobra do not dispute that they entered into the relevant loan agreements; they do not dispute that the agreements are valid; they do not dispute that they failed to make required payments; and, finally, they do not dispute that plaintiffs have a right to collect on the loan agreements.  Instead, defendants assert baseless, unsubstantiated arguments concerning breach of an alleged "third-party agreement" and that the amounts plaintiff's evidence avers are due under the relevant agreements do not reflect the actual amounts due.

In this case, plaintiffs have met their initial burden in proving that they are entitled to summary judgment under the standard set forth in Celtox, 477 U.S. at 323.  More specifically, plaintiffs have provided the court with admissible evidence establishing the validity of the underlying loans and plaintiff's rights thereunder — namely, plaintiffs submitted each of the underlying loan and security documents and a thorough affidavit filed by plaintiff's representative tasked with handling the various loans.  This evidence establishes that the defendants have not complied with the terms of the loans by failing to make scheduled payments[7]

---

[7] Defendant objects to the affidavit of plaintiff's representative.  More specifically, defendants contend that the amount the affidavit states defendants are currently indebted to plaintiffs under the various loan agreements *may* be incorrect.  Defendants argue that the "[d]eclarations refer to amounts with general inclusion of interest amounts without sufficient personal knowledge or expertise on the part of its representative." (Pl.'s Opp'n., filed Sept. 02, 2011, [Docket # 89], at 5:26-28.)  Defendants contention is unpersuasive: declarant was plaintffs' representative employee charged with administering the various loan agreements at issue here.  Thus, declarant's submission of the amount owing under each agreement was based specifically on

Defendants, however, have failed to submit admissible evidence to create a triable issue of material fact that would preclude summary judgment in this instance. Defendants submitted a single declaration, which relates only to plaintiffs' damages. (See Decl. of Abolghassem Alizadeh, filed Sept. 02, 2011, [Docket # 89-4].)

First, defendants dispute the amounts plaintiffs submit is owed under each loan because plaintiffs allegedly "withdrew $1.8 million from Mechanics Bank account violating the Tri-Party agreement and in turn taking the funds and not applying them toward the loan." (See Defs.' Resp. to Pls.' Statement of Uncontroverted Facts, filed Sept. 02, 2011, [Docket # 98-2].) This argument lacks merit for a number of reasons. First, on January 11, 2010, defendants filed a counterclaim against plaintiffs for breach of contract based on the exact same allegation. (See Defs.' Counterclaim, filed Jan. 11, 2010, [Docket # 12].) In response, plaintiffs filed a motion to dismiss the counterclaim under Federal Rule of Civil procedure 12(b)(6). (Pls.' Mot. to Dismiss, filed Feb. 04, 2010, [Docket # 25].) After defendants filed a statement of non-opposition, the court dismissed defendants' counterclaim in May, 2010. (See Order, filed May 07, 2010, [Docket # 46].) Moreover, apart from Alizadeh's unsupported and conclusory allegations in his declaration, defendants have failed to submit any evidence of the

---

his personal knowledge of the loan agreements and defendants compliance therewith. Indeed, defendant Alizadeh personally contacted the declarant via email when seeking an update on the amount owing under the various loans. (See Decl. of Abolghassem Alizadeh, filed Sept. 02, 2011, [Docket # 89-4].)

existence of any such agreement or how plaintiffs allegedly breached it.  See  National Steel Corp. v. Golden Eagles Ins. Corp., 121 F.3d 496, 502 (9th Cir. 1997) (holding that conclusory statements without factual support are insufficient to defeat a motion for summary judgment.)

Plaintiffs have submitted evidence establishing the exact amounts owed with respect to each of the loans at issue. (See Declaration of Mark Johnson, filed Aug. 09, 2011, [Docket # 86], ¶¶ 13, 22, 33, 46, 56, 67.) Defendants contend that these numbers may be inaccurate. In support of this contention, defendants submitted two emails sent from plaintiffs' representative, Mark Johnson, to Alizadeh, "indicating different amounts than claimed in [p]laintiff's motion." (See Decl. of Abolghassem Alizadeh, filed Sept. 02, 2011, [Docket # 89-4].) These emails, however, are irrelevant as they represent the amount owing at a different time than that represented by plaintiffs' evidence. More specifically, the two emails represent the amount owing as of August 2011, and September 2010, whereas the amount established by plaintiffs' evidence is the amount owing as of *June 2011*. Therefore, because defendants' evidence is irrelevant, it does not create a triable issue of fact as to the amounts due under the various loans.

Finally, defendants contend that the court should defer consideration of the motion because "further information regarding the application of funds received from various activities as well as the activities and sources as well as the determination of the resulting interest calculations is unavailable to [d]efendants." (Defs.' Opp'n, filed Sept. 02,

10

2011, [Docket # 89], at 6:15-18.)  Federal Rule of Civil Procedure 56(d) provides that: [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify opposition, the court may: (1) defer consideration of the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  In this case, defendants have failed to point to "specified reasons" as to why they have not been able to gather the specific facts, nor how those facts would create a triable issue.  Moreover, plaintiffs filed the complaint in this matter in November of 2009.  Nevertheless, defendants have failed since the filing of the complaint *two years ago* to conduct any written or oral discovery; these defendants cannot now invoke rule 56(d) in an attempt to circumvent their utter lack of diligence and continue to drag this matter out without justifiable cause.  To this end, the court declines to defer consideration of the motion.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for summary judgment is GRANTED.

DATED: October 3, 2011

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

11