UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION; CEF FUNDING II, LLC; and CEF FUNDING V, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TEN FORWARD DINING, INC.; et al.; <br><br> Defendants. | Case No. 2:09-CV-03296-JAM-EFB <br><br> ORDER GRANTING COUNTER-CLAIMANT EQUITY LENDERS, LLC'S MOTION FOR LEAVE OF COURT TO FILE AND SERVE SUPPLEMENTAL COUNTERCLAIMS |

This matter is before the Court on Equity Lenders, LLC's ("Counter-Claimant"), an Indiana corporation, Motion For Leave of Court To File and Serve Supplemental Counterclaims (Doc. #112), which is supported by a Memorandum of Points and Authorities (Doc. #116).[1]  Plaintiffs/Counter-Defendants General Electric Capital Corporation, a Delaware Corporation; CEF Funding II, LLC, a Delaware company; and CEF Funding V, LLC, a Delaware company, (collectively "Counter-Defendants") oppose the motion (Doc. #121). Counter-Claimant filed a reply to the opposition (Doc. #122).

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was originally scheduled on January 25, 2012.

1

I.   FACTUAL ALLEGATIONS & PROCEDURAL BACKGROUND

This action originated when Counter-Defendants filed their complaint on November 29, 2009.  The complaint alleges that several defendants, not including Counter-Claimant, defaulted on or breached seven written loan contracts made with Counter-Defendants.  The loans were allegedly secured by real and personal property generally associated with restaurants.  Counter-Defendants' complaint also seeks declaratory relief against Counter-Claimant because Counter-Claimant may have liens against a subset of the Properties known as the "19373 Kobra Properties" and Counter-Defendants seek to establish the superiority of their own liens to Counter-Claimant's.

Counter-Claimant alleges that the owners of the 19373 Kobra Properties, also defendants in this action, defaulted on their obligations to Counter-Claimant in 2009, and Counter-Claimant foreclosed on November 19 or 20, 2009.  In early 2010, Counter-Claimant alleges that it negotiated a pay-off amount for Counter-Defendants' interest in the 19373 Kobra Properties, but that there was a dispute as to the final pay-off amount.  Counter-Claimant paid the pay-off amount demanded by Counter-Defendants under protest, and now seeks to supplement its existing counterclaims with three new counterclaims: 1) a counter-claim for an accounting of the actual amount due to Counter-Defendants after the default on the 19373 Kobra Properties, 2) a counter-claim for declaratory relief as to the parties' interests in the 19373 Kobra Properties, and 3) a counter-claim for restitution of any overpayments made by Counter-Claimant to Counter-Defendants in relation to the 19373 Kobra Properties.  Counter-Claimant alleges that $338,800 in

default interest was overpaid to Counter-Defendants and $49,225.12 in attorney fees were also paid, but the fees were not specifically attributed to matters involving the 19373 Kobra Properties.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000.

## II.   OPINION

### A.   Legal Standard

The circumstances under which a party may amend and supplement their pleadings is governed by Federal Rule of Civil Procedure 15(d) which provides, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed.R.Civ.P. 15(d).

Rule 15(d) is a tool that gives district courts broad discretion to allow supplemental pleadings.  Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988).  It is also a rule intended to promote judicial economy.  San Luis & Delta-Mendota Water Auth. v. U.S. Dept. of Interior, 236 F.R.D. 491, 496 (E.D. Cal. 2006).  Rule 15(d) does not require supplemental claims to be part of the same transaction or occurrence associated with the original lawsuit.  Volpe, 858 F.2d at 474.  The rule merely requires "some relationship . . . between the newly alleged matters and the subject of the original action. . . ."  Id.; but see Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400, 402-403 (9th Cir. 1997) (Rule 15(d) should not be used to introduce an entirely new

3

and separate cause of action). Thus, in the absence of bad faith or undue delay, leave should be given to supplement a pleading with a related cause of action that accrued after the filing of the original complaint. San Luis & Delta-Mendota Water Auth., 236 F.R.D. at 496 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

When ruling on a rule 15(d) motion, courts consider a number of factors to determine whether leave to file supplemental pleadings is proper. In San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior, the court collected nine factors that are used in the Ninth Circuit to determine whether supplementation is appropriate:

> (1) The relatedness of the original and supplemental complaints;
> (2) Whether allowing supplementation would serve the interests of judicial economy;
> (3) Whether there is evidence of delay, bad faith or dilatory motive on the part of the movant, or evidence of repeated failure to cure deficiencies by amendments previously allowed;
> (4) Whether amendment would impose undue prejudice upon the opposing party;
> (5) Whether amendment would be futile;
> (6) Whether final judgment had been rendered;
> (7) Whether the district court retains jurisdiction over the case;
> (8) Whether any prior court orders imposed a future affirmative duty upon defendant; and
> (9) Whether the proposed supplemental complaint alleges that defendants defied a prior court order.

San Luis & Delta-Mendota Water Auth., 236 F.R.D. at 497.

1. Discussion

In this case, Counter-Claimant argues that its supplemental counterclaims are appropriate because they arose from events that occurred after Counter-Defendants filed their complaint. Namely, Counter-Claimant alleges that when they bought out Counter-

4

Defendants' position in the 19373 Kobra Properties subsequent to the filing of this lawsuit, they overpaid and are now seeking an accounting of the actual amount due and restitution of any amount overpaid.  Counter-Defendants respond that supplemental counterclaims should not be allowed because the counterclaims are not part of the same transaction or occurrence that gave rise to the allegations in their complaint, as required by Federal Rule of Civil Procedure 13(a).  Counter-Defendants also argue that the supplemental pleading lacks a logical relationship to the claims alleged in their complaint.

   Counter-Defendants' first argument in opposition to Counter-Claimant's motion fails because it applies the incorrect legal standard to a Rule 15(d) motion.  Counter-Defendants' argument relies on a transactional requirement, but Rule 15(d) does not contain a transactional requirement.  <u>Volpe</u>, 858 F.2d at 474. Thus, whether or not the supplemental counterclaims are part of the same transaction or occurrence alleged in the original complaint is irrelevant.

   Counter-Defendants' second argument that the supplemental counter-claims are not logically related to the claims in the original complaint bears closer scrutiny because that is a factor that courts should consider when deciding a Rule 15(d) motion.  <u>San Luis & Delta-Mendota Water Auth.</u>, 236 F.R.D. at 497.  The gist of Counter-Defendants' argument is that since the original claims in this lawsuit deal with the default on loans in 2008 and 2009 but the proposed supplemental counterclaims deal with the 2011 pay-off and request for an accounting by Counter-Claimant, the proposed counterclaims are not sufficiently related to the ongoing

litigation to merit inclusion. Counter-Claimant responds that its already-pleaded counterclaims contain both a claim for an accounting and a claim for declaratory relief that alleges improper accounting of the amount due on the 19373 Kobra Properties. Each claim was pleaded against Counter-Defendants in a timely answer. Counter-Claimant also argues that Counter-Defendants sought to strip Counter-Claimant of its rights to the 19373 Kobra Properties in the original complaint. Thus, it is Counter-Claimant's position that the supplemental counterclaims are related not only to their already pleaded counterclaims, but also to the claims in the original complaint.

In this case, Counter-Claimant's argument is more persuasive. The original action was filed to protect Counter-Defendants' interest in the properties, and to that end they sought declaratory relief that would strip Counter-Claimant of any rights in the 19373 Kobra Properties. The lawsuit was not limited to a mere foreclosure action, but was instead designed to obtain a declaration as to the rights of all parties to the subject properties. Thus, the proposed supplemental counterclaims, seeking a similar resolution, bear a logical relationship to this lawsuit, and this factor favors granting Counter-Claimant's motion.

The next factor, whether the supplemental pleading serves judicial economy, favors Counter-Claimant. The Court sees little reason to require a separate action to litigate this closely related issue when all claims can be resolved in the present litigation.

There is no evidence of delay, bad faith, or dilatory motive on the part of Counter-Claimant. This factor favors granting the

6

1  Rule 15(d) motion.
2      The Court next considers whether granting the motion would create undue prejudice to Counter-Defendants. Counter-Defendants claim that they will experience hardship if the motion is granted, but they do not say what that hardship will be. Without more specificity as to hardship, the Court cannot find that Counter-Defendants will be prejudiced. This factor favors granting the motion.
9      The remaining factors all favor granting the motion. There is no evidence that the supplemental counterclaims are futile. No final judgment has been rendered. There is no indication that the supplemental claims will affect the Court's jurisdiction in any way because jurisdiction is predicated on diversity of citizenship, which is not affected by the supplemental counterclaims. Finally, there are no prior orders at issue in this motion.
16     In summary, all of the factors considered by the Court support granting Counter-Claimant's Rule 15(d) motion to supplement the pleadings. Accordingly, leave to file and serve the supplemental pleading should be granted.

## III. ORDER

21     The Court has carefully reviewed all of the papers filed in support of and in opposition to this motion. For the reasons stated above, Counter-Claimant's motion is GRANTED. The supplemental counterclaims (Doc. #112) shall be deemed filed as of the date of this order. Counter-Defendants shall respond to this supplemental pleading within 20 days of this order.
27     IT IS SO ORDERED.
28  Dated: February 9, 2012

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE