UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION; CEF FUNDING II, LLC; and CEF FUNDING V, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TEN FORWARD DINING, INC.; et al.; <br><br> Defendants. | Case No. 2:09-CV-03296-JAM-EFB <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL OF CLAIMS AGAINST EQUITY LENDERS AND TO SEVER EQUITY LENDERS'S COUNTER-CLAIMS, OR IN THE ALTERNATIVE ENTRY OF FINAL JUDGMENT |

This matter is before the Court on Plaintiffs General Electric Capital Corporation; CEF Funding II, L.L.C.; and CEF Funding V, LLC's (collectively "Plaintiffs") Motion For Voluntary Dismissal and to Sever Equity Lenders' Counterclaims, or in the Alternative For Entry of Final Judgment (Doc. # 134).[1]  Plaintiffs are all citizens of Delaware.  Defendant Equity Lenders, an Indiana Corporation, opposes the motion in part (Doc. #136).  Plaintiffs filed a reply (Doc. # 137).

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).  The hearing was originally scheduled on May 16, 2012.

1

I.   FACTUAL ALLEGATIONS & PROCEDURAL BACKGROUND

This action originated when Plaintiffs filed their Complaint on November 29, 2009 (Doc. # 1).  The Complaint alleges that defendants Ten Forward Dining; Delightful Dining, Inc.; TGIA Restaurants, Inc.; Kobra Restaurant Properties, LLC; and Abolghassem Alizadeh (collectively the "Kobra Defendants"), but not including Equity Lenders, defaulted on or breached seven written loan contracts made with Plaintiffs.  The loans were allegedly secured by real and personal property generally associated with restaurants (the "Kobra Properties").  Plaintiffs' complaint also seeks declaratory relief against Equity Lenders because Equity Lenders may have liens against a subset of the Kobra Properties known as the "19373 Kobra Properties" and Plaintiffs seek to establish the superiority of their own liens to Equity Lenders'.

Equity Lenders alleges that the owners of the 19373 Kobra Properties defaulted on their obligations to Equity Lenders in 2009, and Equity Lenders foreclosed on November 19 or 20, 2009.  In early 2010, Equity Lenders alleges that it negotiated a pay-off amount for Plaintiffs' remaining interest in the 19373 Kobra Properties, but that there was a dispute as to the final pay-off amount.  Equity Lenders paid the pay-off amount demanded by Plaintiffs under protest.  The payoff resolved Plaintffs' claim to the 19373 Kobra Properties, but gave rise to Equity Lenders' counter-claims.

Upon Equity Lenders' motion, the Court granted leave (Doc. # 126) to supplement its existing counterclaims with three new counterclaims: 1) a counter-claim for an accounting of the actual amount due to Plaintiffs after the default on the 19373 Kobra

Properties, 2) a counter-claim for declaratory relief as to the parties' interests in the 19373 Kobra Properties, and 3) a counter-claim for restitution of any overpayments made by Equity Lenders to Plaintiffs in relation to the 19373 Kobra Properties.  Equity Lenders alleges in its counter-claims that $338,800 in default interest was overpaid to Plaintiffs and $49,225.12 in attorney fees were also paid, but the fees were not specifically attributed by Plaintiffs to matters actually involving the 19373 Kobra Properties.

Plaintiffs moved for summary judgment on claims 1-24 against the Kobra Defendants(Doc. # 85).  Summary judgment was granted against those defendants by order on October 3, 2011 (Doc. # 94). Plaintiffs then resolved claims against or received judgment against defendants County of Placer (Doc. # 100); City of Elk Grove (Doc. # 101); County of Sacramento, County of Nevada, and County of Shasta (Doc. # 102); Apex Property Advisors Inc. (Doc. # 109); State of California Employment Development Department (Doc. # 110); and Mechanics Bank and the United States of America (Doc. # 128).

Now Plaintiffs move to voluntarily dismiss their remaining claims against Equity Lenders and to sever Equity Lenders' counter-claims from this action.[2]  If the Court declines to sever the counter-claims, Plaintiffs seek entry of final judgment as to all other defendants.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332

---

[2] Plaintiffs originally moved to voluntarily dismiss only claim 25, which is expressly pled against Defendant.  In their reply, Plaintiffs clarified that they seek to voluntarily dismiss all claims against Equity Lenders' interests including claims 13 and 14.

3

because the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000.

## II. OPINION

### A. Legal Standard

#### 1. Voluntary Dismissal

Federal Rule of Civil Procedure 41(a)(2) permits a party, upon order of the court, to voluntarily dismiss a claim without prejudice. Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996). When ruling on a motion for voluntary dismissal, the court must consider whether the defendant will suffer any prejudice resulting from dismissal. Id. If the defendant has also pled a counter-claim against the party seeking voluntary dismissal, the dismissal should only be granted over the defendant's objections when the counter-claim "can remain pending for independent adjudication." Fed. R. Civ. P. 41(a)(2).

#### 2. Motion to Sever

Federal Rule of Civil Procedure 21 provides that "[a]ny claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. "'[Rule 21] authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons . . . .'" Khanna v. State Bar of Cal., No. C-07-2587 EMC, 2007 WL 2288116, at *2 (N.D. Cal. Aug. 7, 2007) (citing Wyndham Assocs. v. Bintliff, 398 F.2d 614, 618 (2d Cir.1968)) (alterations in original). Claims may be severed if they arise from different factual situations, involve different legal questions, or if doing so would be more efficient. Id. (citations omitted).

### 3. Entry of Final Judgment

Pursuant to Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief, or when multiple parties are involved, the court may direct entry of a final judgment as to . . . fewer than all claims . . . if the court expressly determine that there is no just reason for delay." Fed. R. Civ. P. 54(b). In order to make such a finding, "[a] district court must first determine that it has rendered a 'final judgment,' that is, a judgment that is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005) (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980)). Then the district court must determine if there is a just reason for delay before entering final judgment. Id.

## B. Discussion

### 1. Motion for Voluntary Dismissal

Plaintiffs move for voluntary dismissal of all claims against Equity Lenders. Plaintiffs indicate that since Equity Lenders satisfied the outstanding debt against the 19373 Kobra Properties, the claims against Equity Lenders related to those properties are resolved. Equity Lenders does not oppose dismissal of the claims against it so long as none of Equity Lenders' claims or defenses are prejudiced. In light of Equity Lenders' non-opposition, Plaintiffs' motion to voluntarily dismiss all claims against Equity Lenders is granted.

### 2. Motion to Sever

Plaintiffs seek to sever Equity Lenders' counter-claims from the present action. Plaintiffs argue that doing so will permit

5

them to foreclose on the other properties involved in this litigation that do not involve Equity Lenders.  Equity Lenders opposes severance on the grounds that its counter-claims are more efficiently resolved in the present action because discovery is already underway.

In the Court's prior order (Doc. # 83) granting leave for Equity Lenders to supplement its answer with additional counter-claims related to the 19373 Kobra Properties, the Court analyzed the relatedness of the counter-claims to Plaintiffs' original claims as well as the judicial efficiency of allowing the counter-claims to proceed in this action.  The Court held that Equity Lenders' counter-claims are related to the factual issues raised by Plaintiffs' original claims, and that judicial economy is served by permitting all of the claims to proceed in one action.

The Court hereby reaffirms its prior holding and notes that discovery related to Equity Lenders' counter-claims is underway, making severance less efficient than proceeding with the present action.  Having found that Equity Lenders' counter-claims are related to Plaintiffs' original claims and that judicial efficiency is served by adjudicating all of the claims related to the 19373 Kobra Properties in one action, the Court declines to sever Equity Lenders' counter-claims and Plaintiffs' motion is denied.

### 3. Motion for Entry of Final Judgment

Plaintiffs also move for entry of final judgment with respect to the non-Equity Lenders defendants pursuant to Rule 54(b).  Equity Lenders does not oppose entry of final judgment with respect to the other defendants.

Plaintiffs' motion fails to identify the parties as to which

final judgment is sought. Plaintiffs note that the Court granted summary judgment with respect to the claims against the Kobra Defendants (Doc. # 94). However, the Court has not entered a judgment with respect to all of the non-Equity Lenders defendants. The Court notes that the City of Grass Valley was served with the Complaint, but it has not appeared in this action. Further, the City of Redding filed a single stipulation establishing the superiority of its lien to Plaintiffs' (Doc. # 107). It is not clear as to which defendants entry of final judgment is sought or why entry of final judgment is proper as to particular defendants or claims. Further, at least some defendants have no judgment against them in this action, which is a prerequisite for entry of final judgment. Therefore, the Court finds that entering final judgment on the basis of Plaintiffs' motion is improper and the motion is denied. In order for the Court to enter final judgment, Plaintiffs must indicate each defendant against which entry of final judgment is sought, the claim upon which final judgment should be entered, and why entry of final judgment is proper as to that defendant and claim.

### III. ORDER

For the reasons stated above:

1. Plaintiffs' motion for voluntarily dismissal is GRANTED and all claims against Equity Lenders are dismissed;
2. Plaintiffs' motions for severance and entry of final judgment are DENIED.

IT IS SO ORDERED.

Dated: May 24, 2012

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE