1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12  GENERAL ELECTRIC CAPITAL        No.  2:09-cv-03296-JAM-AC
    CORPORATION, et al.,
13                                  **ORDER GRANTING PLAINTIFFS'**
                Plaintiffs,         **MOTION FOR ENTRY OF FINAL**
14                                  **JUDGMENT, IN PART**
         v.
15
    TEN FORWARD DINING, INC., et
16  al.,

17              Defendants.

18

19       This matter is before the Court on Plaintiffs General

20  Electric Capital Corporation, CEF Funding II, L.L.C., and CEF

21  Funding V, LLC's ("Plaintiffs") Motion for Entry of Final

22  Judgment (Doc. # 155) and Motion for Appointment of a Post-

23  Judgment Receiver to Manage, Maintain and Sell (Doc. # 159).[1]

24  Defendants Kobra Restaurant Properties, LLC and Abolghassem

25  Alizadeh (collectively the "Kobra Defendants") oppose each motion

26

27  [1] The motions were determined to be suitable for decision without
    oral argument.  E.D. Cal. L.R. 230(g).  The hearing for both
28  motions was originally scheduled for June 19, 2013.

                                   1

1   (Doc. ## 160-161).

2

3                          I.   BACKGROUND

4        This action originated when Plaintiffs filed their Complaint

5   on November 29, 2009 (Doc. # 1).  The Complaint alleges that

6   defendants Ten Forward Dining; Delightful Dining, Inc.; TGIA

7   Restaurants, Inc.; Kobra Restaurant Properties, LLC; and

8   Abolghassem Alizadeh defaulted on or breached seven written loan

9   contracts made with Plaintiffs.  The complaint alleged that the

10  loans were secured by real and physical property generally

11  associated with the Kobra Defendants.  Plaintiffs' Claims 9-10

12  concern what is known as the 11726 Kobra Loan and Claims 11-12

13  concern what is known as the 11794 Kobra Loan.  Plaintiffs

14  successfully moved for summary judgment against the Kobra

15  Defendants on Claims 9-12 (Doc. # 94).  Plaintiffs' twenty-fifth

16  claim is for declaratory relief against other entities who may

17  claim an interest in the Kobra Properties.  Through the course of

18  the litigation, Plaintiffs have either obtained summary judgment

19  against each named entity or voluntarily dismissed outstanding

20  claims.  At this point, Plaintiffs contend that final judgment

21  should be entered against the Kobra Defendants so that the two

22  Kobra Properties can be foreclosed and sold in order to satisfy

23  any outstanding debt.

24

25                          II.   OPINION

26       A.   Legal Standard for Entry of Final Judgment

27       Pursuant to Federal Rule of Civil Procedure 54(b), "[w]hen

28  an action presents more than one claim for relief, or when

                                 2

1    multiple parties are involved, the court may direct entry of a

2    final judgment as to . . . fewer than all claims . . . if the

3    court expressly determine that there is no just reason for

4    delay."  Fed. R. Civ. P. 54(b).  In order to make such a finding,

5    "[a] district court must first determine that it has rendered a

6    'final judgment,' that is, a judgment that is 'an ultimate

7    disposition of an individual claim entered in the course of a

8    multiple claims action.'"  Wood v. GCC Bend, LLC, 422 F.3d 873,

9    878 (9th Cir. 2005) (quoting Curtiss-Wright Corp. v. Gen. Elec.

10   Co., 446 U.S. 1, 7 (1980)).  Then the district court must

11   determine if there is a just reason for delay before entering

12   final judgment.  Id.

13          B.   Discussion

14               1.   Entry of Judgment

15        It is undisputed that Plaintiffs have resolved each of their

16   pending claims against all defendants either by obtaining summary

17   judgment or voluntarily dismissing outstanding claims.  It is

18   therefore clear that an ultimate disposition of each active claim

19   in this action has been issued, and there is accordingly no

20   reason to delay entering a final judgment for the entire action.

21   The Kobra Defendants, however, dispute what form a final judgment

22   should take.  They argue that Plaintiffs have lost the right to

23   foreclose on the 11726 and 11794 Kobra Properties at issue in

24   Claims 9 through 12 and that the proposed judgment exceeds the

25   scope of the complaint.

26               a. Waiver of Real Property Security Interest

27        The Kobra Defendants argue in opposition to the motion for

28   judgment that Plaintiffs are improperly seeking both a money

3

1  judgment for breach of the underlying loan documents and

2  foreclosure on two properties that secure the loans at issue in

3  this suit.  The opposition is only directed toward the 9th and

4  11th causes of action where Plaintiffs seek damages for breach of

5  loans secured by real property and the 10th and 12th causes of

6  action where Plaintiffs seek to foreclose on the real property

7  securing the loans.[2]  The Kobra Defendants first argue that

8  entering judgment for damages on those causes of action and

9  entering judgment for Plaintiffs' foreclosure claims on the 10th

10 and 12th causes of action violates California Code of Civil

11 Procedure § 726's ("§ 726") single cause of action rule.  The

12 Kobra Defendants argue that § 726 requires a plaintiff suing to

13 enforce a debt secured by real property to choose a money

14 judgment for breach of contract or an action to foreclose on the

15 property securing the debt, but a plaintiff cannot pursue both

16 types of actions to judgment.  The Kobra Defendants further argue

17 that Plaintiffs already elected to pursue a money judgment when

18 they sought and obtained summary judgment, and are now barred

19 from foreclosing on the real property.  Accordingly, the Kobra

20 Defendants seek to limit Plaintiffs to a money judgment and

21 prevent entry of judgment on the foreclosure causes of action.

22     In reply, Plaintiffs concede that they cannot obtain both a

23 personal money judgment and foreclose on the properties, and they

24 argue that they never intended to seek both forms of relief.

25

26 [2] The 10th and 12th causes of action also seek relief related to
   personal property collateral.  The parties agree that Plaintiffs
27 are entitled to judgment with respect to the personal property
   collateral, disputing only what relief is available with respect
28 to the real property collateral.

1   Plaintiffs agree that insofar as their proposed judgment is

2   unclear, it should be modified to contain only entry of judgment

3   on their foreclosure cause of action along with a declaration of

4   the outstanding debt owed on the loans.  Plaintiffs concede that

5   they cannot obtain a money judgment at this time, but reserve the

6   right to seek a deficiency judgment in the event that the

7   foreclosure sale does not net sufficient funds to cover the

8   outstanding debt.  Plaintiffs do oppose the Kobra Defendants'

9   contention that the prior summary judgment order blocks entry of

10  judgment on the 10th and 12th causes of action for foreclosure

11  and replevin.  Based on Plaintiffs' reply, it is clear that the

12  parties agree that Plaintiffs are entitled to either foreclose on

13  the properties or seek money judgment, not both.  The only

14  remaining question is whether or not Plaintiffs already elected a

15  money judgment by seeking summary judgment on the 9th and 11th

16  causes of action for breach of the underlying loan agreements.

17      California Code of Civil Procedure § 726(a) provides, "There

18  can be but one form of action for the recovery of any debt or the

19  enforcement of any right secured by mortgage upon real property

20  or an estate for years therein, which action shall be in

21  accordance with the provisions of this chapter.  . . ."  If a

22  plaintiff pursues an action to enforce a debt secured by real

23  property outside of the one authorized by CCP § 726, he is deemed

24  to have waived his right to foreclose on the real property

25  securing the debt.  Walker v. Cmty. Bank, 10 Cal. 3d 729, 733

26  (1974).  "One of the primary purposes of the one-action rule is

27  to protect the debtor from having to defend against a

28  multiplicity of actions[, i.e.] ... bringing one to recover the

5

1   setoff and defending another by the creditor." Sec. Pac. Nat'l

2   Bank v. Wozab, 51 Cal. 3d 991, 1002 (1990).  Although § 726 bars

3   multiple actions, a creditor is permitted to bring a single

4   action for both foreclosure and a deficiency judgment.  In re

5   Pajaro Dunes Rental Agency, Inc., 156 B.R. 263, 266 (N.D. Cal.

6   1993).

7       California courts have analyzed a number of types of

8   actions in order to determine when the right to foreclose is

9   deemed waived.  For instance, "where the creditor sues . . . and

10  seeks a personal money judgment against the debtor without

11  seeking . . . foreclosure . . ., he makes an election of

12  remedies, electing the single remedy of a personal action, and

13  thereby waives his right to foreclose . . . ."  Walker, 10 Cal.

14  3d at 733.  Obtaining a pre-judgment writ of attachment is also

15  sufficient to waive the right to foreclose.  Shin v. Superior

16  Court, 26 Cal.App.4th 542, 549 (1994).  Obtaining a default

17  money judgment constitutes waiver.  James v. P.C.S. Ginning Co.,

18  276 Cal.App.2d 19, 23 (1969).

19      In this case, Plaintiffs brought a single action containing

20  claims for breach of the loan documents and for foreclosure on

21  the real property securing the loans and they obtained summary

22  judgment on both types of claims.  The Kobra Defendants have not

23  cited any authority that bars such an action or limits a

24  plaintiff to a money judgment under these circumstances.  It is

25  notable that § 726 is primarily concerned with preventing a

26  multiplicity of suits, and Plaintiffs complied with that aspect

27  of § 726 by filing a single action.  The legal authority cited

28  by the Kobra Defendants only indicates that Plaintiffs cannot

6

1  bring a separate personal action without first exhausting the

2  security, but they have not done that.  Through the present suit

3  Plaintiffs seek to foreclose on their real property security

4  interest and concurrently seek a determination of the

5  outstanding debt due under the loan agreements for purposes of a

6  deficiency judgment.  This single action is compatible with

7  § 726 because it seeks to exhaust the security interest first

8  through the foreclosure causes of action.

9      The Kobra Defendants argument that the grant of summary

10 judgment on Claims Nine and Eleven bar entry of judgment on

11 Claims Ten and Twelve fails because all of the claims are

12 contained in the same suit in accordance with § 726's policy of

13 preventing a multiplicity of suits.  It is true that Plaintiffs'

14 complaint seems to seek both a personal money judgment and

15 foreclosure in violation of § 726, but Plaintiffs now elect only

16 to pursue entry of judgment on Claims 9 and 11 for purposes of a

17 deficiency judgment.  The judgment in this case shall

18 accordingly give Plaintiffs the right to foreclose on the

19 properties identified in Claims 10 and 12, but judgment on

20 Claims 9 and 11 is limited to a declaration of the outstanding

21 amount due for purposes of a deficiency judgment.  Any conflict

22 with § 726 is therefore resolved.

23             b. Proposed Judgment and Scope of Complaint

24     The Kobra Defendants argue that the judgment proposed by

25 Plaintiffs exceeds the scope of the complaint because it

26 references cross-collateralization between all of the loans in

27 this suit.  The Kobra Defendants contend that the cross-

28 collateralization agreement is not mentioned in the complaint,

1  and that the agreement was never perfected so it is

2  unenforceable.  Plaintiffs point out that paragraph 88 of the

3  complaint clearly alleges cross-collateralization between all of

4  the loans in this suit.  Plaintiffs also argue that the deeds of

5  trust associated with the 11726 and 11794 Kobra properties

6  explicitly secure "all agreements and instruments between, among

7  or by (a) any of the Borrower Parties, and, or for the benefit

8  of, (2) any of the Lender Entities, including, without

9  limitation, promissory notes and guaranties." (Doc. # 159-1 Ex.

10  H, at 164 and Ex. I, at 194.)

11      Based on paragraph 88 of the complaint, it is clear that

12  the cross-collateralization agreement was pled by Plaintiffs,

13  but Plaintiffs never moved for judgment on that issue.

14  Plaintiffs' motion for summary judgment (Doc. # 85-1) only

15  sought judgment on each loan as to the corporate entity

16  associated with it and Alizadeh in his personal capacity.  The

17  motion did not include a claim that the loans were cross-

18  collateralized.  It is also notable that the loan documents

19  cited by Plaintiffs do not support a finding of cross-

20  collaterization.  For instance, the Kobra Deeds of Trust (Doc. #

21  159 Exs. H and I) are between Kobra Restaurant Properties,

22  L.L.C. as Trustor and GE Capital Franchise Financing Corporation

23  as Beneficiary.  The provision relied on by Plaintiffs in the

24  deeds of trust states that the deed of trust also secures other

25  agreements between the borrower parties, i.e., Kobra, and the

26  lending entity, i.e. GE Capital Francise Financing Corporation.

27  Kobra is not a party to any of the other loan agreements at

28  issue in this litigation, however, so the deeds of trust cannot

1   cross-collateralize agreements beyond those involving Kobra

2   directly.  Further, it is improper for Plaintiffs to effectively

3   seek summary judgment on this issue in a Rule 54(b) motion.

4   This issue should have been raised in Plaintiffs' original

5   motion for summary judgment where it could have been fully

6   briefed by all parties.  In summary, the history of this

7   litigation shows that Plaintiffs are entitled to liquidate the

8   collateral guaranteeing each loan and, if the sum obtained is

9   deficient, seek outstanding amounts from Alizadeh personally.

10  Plaintiffs are not entitled to use the real property collateral

11  securing the Kobra deeds of trust to satisfy the Ten Forward,

12  Delightful Dining, or TGIA loans; they are limited to seeking

13  any deficiency from Alizadeh personally pursuant to the grant of

14  summary judgment on claims 15-16, 18, 20, 22, and 23.

15              2.   Appointment of a Receiver

16      The Kobra Defendants contend that the motion to appoint a

17  receiver should be denied first because Plaintiffs' causes of

18  action for foreclosure are barred by their causes of action for

19  damages and second because California law does not permit the

20  appointment of a receiver who is empowered to sell the real

21  property collateral.  For the reasons discussed in the preceding

22  section, Plaintiffs are entitled to entry of judgment on their

23  foreclosure actions so the Kobra Defendants' first argument

24  fails.  Second, California Code of Civil Procedure

25  § 712.060 explicitly permits courts to "appoint a receiver . . .

26  to enforce a judgment for possession or sale of property."  The

27  Kobra Defendants rely on Hibernia Sav. & Loan Soc. v. Belcher, 4

28  Cal. 2d 268, 271 (1935), and California Code of Civil Procedure

§ 564, but the rule from those authorities applies to pre-judgment appointments.  Plaintiffs' current motion seeks appointment of a post-judgment receiver, meaning that § 712.060 controls.  Additionally, Kobra agreed in the relevant deeds of trust that it would not oppose the appointment of a post-judgment receiver.  Vangrunsven Decl. (Doc. # 159-1) ¶¶ 24-25.

It is clear from Plaintiffs' motion on this issue that a post-judgment receiver will serve the interests of all parties by maintaining the Kobra properties pending their sale as well as the collateral associated with all of the loans at issue in this litigation.  The Kobra Defendants have not cited any authority that limits the Court's authority to appoint a receiver.  Plaintiffs' motion is accordingly granted.

                        III. ORDER

Plaintiffs' motions for Entry of Judgment and Appointment of a Receiver are GRANTED.  The Kobra Defendants are ordered to submit a proposed final judgment that accords with this order and is approved as to form by Plaintiffs within 10 days.

IT IS SO ORDERED.

Dated: July 3, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE