UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| GENERAL ELECTRIC CAPITAL CORPORATION, et al., | No. 2:09-cv-03296-JAM-AC |
|---|---|
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT, IN PART** |
| v. | |
| TEN FORWARD DINING, INC., et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs General Electric Capital Corporation, CEF Funding II, L.L.C., and CEF Funding V, LLC's ("Plaintiffs") Motion for Entry of Final Judgment (Doc. # 155) and Motion for Appointment of a Post-Judgment Receiver to Manage, Maintain and Sell (Doc. # 159).[1] Defendants Kobra Restaurant Properties, LLC and Abolghassem Alizadeh (collectively the "Kobra Defendants") oppose each motion

---

[1] The motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing for both motions was originally scheduled for June 19, 2013.

1

(Doc. ## 160-161).

## I. BACKGROUND

This action originated when Plaintiffs filed their Complaint on November 29, 2009 (Doc. # 1).  The Complaint alleges that defendants Ten Forward Dining; Delightful Dining, Inc.; TGIA Restaurants, Inc.; Kobra Restaurant Properties, LLC; and Abolghassem Alizadeh defaulted on or breached seven written loan contracts made with Plaintiffs.  The complaint alleged that the loans were secured by real and physical property generally associated with the Kobra Defendants.  Plaintiffs' Claims 9-10 concern what is known as the 11726 Kobra Loan and Claims 11-12 concern what is known as the 11794 Kobra Loan.  Plaintiffs successfully moved for summary judgment against the Kobra Defendants on Claims 9-12 (Doc. # 94).  Plaintiffs' twenty-fifth claim is for declaratory relief against other entities who may claim an interest in the Kobra Properties.  Through the course of the litigation, Plaintiffs have either obtained summary judgment against each named entity or voluntarily dismissed outstanding claims.  At this point, Plaintiffs contend that final judgment should be entered against the Kobra Defendants so that the two Kobra Properties can be foreclosed and sold in order to satisfy any outstanding debt.

## II. OPINION

A.  <u>Legal Standard for Entry of Final Judgment</u>

Pursuant to Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief, or when

2

multiple parties are involved, the court may direct entry of a final judgment as to . . . fewer than all claims . . . if the court expressly determine that there is no just reason for delay." Fed. R. Civ. P. 54(b).  In order to make such a finding, "[a] district court must first determine that it has rendered a 'final judgment,' that is, a judgment that is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Wood v. GCC Bend, LLC, 422 F.3d 873, 878 (9th Cir. 2005) (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980)).  Then the district court must determine if there is a just reason for delay before entering final judgment. Id.

    B. Discussion

        1. Entry of Judgment

It is undisputed that Plaintiffs have resolved each of their pending claims against all defendants either by obtaining summary judgment or voluntarily dismissing outstanding claims.  It is therefore clear that an ultimate disposition of each active claim in this action has been issued, and there is accordingly no reason to delay entering a final judgment for the entire action. The Kobra Defendants, however, dispute what form a final judgment should take.  They argue that Plaintiffs have lost the right to foreclose on the 11726 and 11794 Kobra Properties at issue in Claims 9 through 12 and that the proposed judgment exceeds the scope of the complaint.

        a. Waiver of Real Property Security Interest

The Kobra Defendants argue in opposition to the motion for judgment that Plaintiffs are improperly seeking both a money

3

judgment for breach of the underlying loan documents and foreclosure on two properties that secure the loans at issue in this suit.  The opposition is only directed toward the 9th and 11th causes of action where Plaintiffs seek damages for breach of loans secured by real property and the 10th and 12th causes of action where Plaintiffs seek to foreclose on the real property securing the loans.[2]  The Kobra Defendants first argue that entering judgment for damages on those causes of action and entering judgment for Plaintiffs' foreclosure claims on the 10th and 12th causes of action violates California Code of Civil Procedure § 726's ("§ 726") single cause of action rule.  The Kobra Defendants argue that § 726 requires a plaintiff suing to enforce a debt secured by real property to choose a money judgment for breach of contract or an action to foreclose on the property securing the debt, but a plaintiff cannot pursue both types of actions to judgment.  The Kobra Defendants further argue that Plaintiffs already elected to pursue a money judgment when they sought and obtained summary judgment, and are now barred from foreclosing on the real property. Accordingly, the Kobra Defendants seek to limit Plaintiffs to a money judgment and prevent entry of judgment on the foreclosure causes of action.

In reply, Plaintiffs concede that they cannot obtain both a personal money judgment and foreclose on the properties, and they argue that they never intended to seek both forms of relief.

---

[2] The 10th and 12th causes of action also seek relief related to personal property collateral.  The parties agree that Plaintiffs are entitled to judgment with respect to the personal property collateral, disputing only what relief is available with respect to the real property collateral.

Plaintiffs agree that insofar as their proposed judgment is unclear, it should be modified to contain only entry of judgment on their foreclosure cause of action along with a declaration of the outstanding debt owed on the loans. Plaintiffs concede that they cannot obtain a money judgment at this time, but reserve the right to seek a deficiency judgment in the event that the foreclosure sale does not net sufficient funds to cover the outstanding debt. Plaintiffs do oppose the Kobra Defendants' contention that the prior summary judgment order blocks entry of judgment on the 10th and 12th causes of action for foreclosure and replevin. Based on Plaintiffs' reply, it is clear that the parties agree that Plaintiffs are entitled to either foreclose on the properties or seek money judgment, not both. The only remaining question is whether or not Plaintiffs already elected a money judgment by seeking summary judgment on the 9th and 11th causes of action for breach of the underlying loan agreements.

  California Code of Civil Procedure § 726(a) provides, "There can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property or an estate for years therein, which action shall be in accordance with the provisions of this chapter. . . ." If a plaintiff pursues an action to enforce a debt secured by real property outside of the one authorized by CCP § 726, he is deemed to have waived his right to foreclose on the real property securing the debt. Walker v. Cmty. Bank, 10 Cal. 3d 729, 733 (1974). "One of the primary purposes of the one-action rule is to protect the debtor from having to defend against a multiplicity of actions[, i.e.] ... bringing one to recover the

setoff and defending another by the creditor." Sec. Pac. Nat'l Bank v. Wozab, 51 Cal. 3d 991, 1002 (1990). Although § 726 bars multiple actions, a creditor is permitted to bring a single action for both foreclosure and a deficiency judgment. In re Pajaro Dunes Rental Agency, Inc., 156 B.R. 263, 266 (N.D. Cal. 1993).

California courts have analyzed a number of types of actions in order to determine when the right to foreclose is deemed waived. For instance, "where the creditor sues . . . and seeks a personal money judgment against the debtor without seeking . . . foreclosure . . ., he makes an election of remedies, electing the single remedy of a personal action, and thereby waives his right to foreclose . . . ." Walker, 10 Cal. 3d at 733. Obtaining a pre-judgment writ of attachment is also sufficient to waive the right to foreclose. Shin v. Superior Court, 26 Cal.App.4th 542, 549 (1994). Obtaining a default money judgment constitutes waiver. James v. P.C.S. Ginning Co., 276 Cal.App.2d 19, 23 (1969).

In this case, Plaintiffs brought a single action containing claims for breach of the loan documents and for foreclosure on the real property securing the loans and they obtained summary judgment on both types of claims. The Kobra Defendants have not cited any authority that bars such an action or limits a plaintiff to a money judgment under these circumstances. It is notable that § 726 is primarily concerned with preventing a multiplicity of suits, and Plaintiffs complied with that aspect of § 726 by filing a single action. The legal authority cited by the Kobra Defendants only indicates that Plaintiffs cannot

1  bring a separate personal action without first exhausting the
2  security, but they have not done that.  Through the present suit
3  Plaintiffs seek to foreclose on their real property security
4  interest and concurrently seek a determination of the
5  outstanding debt due under the loan agreements for purposes of a
6  deficiency judgment.  This single action is compatible with
7  § 726 because it seeks to exhaust the security interest first
8  through the foreclosure causes of action.
9      The Kobra Defendants argument that the grant of summary
10 judgment on Claims Nine and Eleven bar entry of judgment on
11 Claims Ten and Twelve fails because all of the claims are
12 contained in the same suit in accordance with § 726's policy of
13 preventing a multiplicity of suits.  It is true that Plaintiffs'
14 complaint seems to seek both a personal money judgment and
15 foreclosure in violation of § 726, but Plaintiffs now elect only
16 to pursue entry of judgment on Claims 9 and 11 for purposes of a
17 deficiency judgment.  The judgment in this case shall
18 accordingly give Plaintiffs the right to foreclose on the
19 properties identified in Claims 10 and 12, but judgment on
20 Claims 9 and 11 is limited to a declaration of the outstanding
21 amount due for purposes of a deficiency judgment.  Any conflict
22 with § 726 is therefore resolved.
23          b. Proposed Judgment and Scope of Complaint
24     The Kobra Defendants argue that the judgment proposed by
25 Plaintiffs exceeds the scope of the complaint because it
26 references cross-collateralization between all of the loans in
27 this suit.  The Kobra Defendants contend that the cross-
28 collateralization agreement is not mentioned in the complaint,

7

1 and that the agreement was never perfected so it is
2 unenforceable. Plaintiffs point out that paragraph 88 of the
3 complaint clearly alleges cross-collateralization between all of
4 the loans in this suit. Plaintiffs also argue that the deeds of
5 trust associated with the 11726 and 11794 Kobra properties
6 explicitly secure "all agreements and instruments between, among
7 or by (a) any of the Borrower Parties, and, or for the benefit
8 of, (2) any of the Lender Entities, including, without
9 limitation, promissory notes and guaranties." (Doc. # 159-1 Ex.
10 H, at 164 and Ex. I, at 194.)
11   Based on paragraph 88 of the complaint, it is clear that
12 the cross-collateralization agreement was pled by Plaintiffs,
13 but Plaintiffs never moved for judgment on that issue.
14 Plaintiffs' motion for summary judgment (Doc. # 85-1) only
15 sought judgment on each loan as to the corporate entity
16 associated with it and Alizadeh in his personal capacity. The
17 motion did not include a claim that the loans were cross-
18 collateralized. It is also notable that the loan documents
19 cited by Plaintiffs do not support a finding of cross-
20 collaterization. For instance, the Kobra Deeds of Trust (Doc. #
21 159 Exs. H and I) are between Kobra Restaurant Properties,
22 L.L.C. as Trustor and GE Capital Franchise Financing Corporation
23 as Beneficiary. The provision relied on by Plaintiffs in the
24 deeds of trust states that the deed of trust also secures other
25 agreements between the borrower parties, i.e., Kobra, and the
26 lending entity, i.e. GE Capital Francise Financing Corporation.
27 Kobra is not a party to any of the other loan agreements at
28 issue in this litigation, however, so the deeds of trust cannot

1  cross-collateralize agreements beyond those involving Kobra
2  directly.  Further, it is improper for Plaintiffs to effectively
3  seek summary judgment on this issue in a Rule 54(b) motion.
4  This issue should have been raised in Plaintiffs' original
5  motion for summary judgment where it could have been fully
6  briefed by all parties.  In summary, the history of this
7  litigation shows that Plaintiffs are entitled to liquidate the
8  collateral guaranteeing each loan and, if the sum obtained is
9  deficient, seek outstanding amounts from Alizadeh personally.
10 Plaintiffs are not entitled to use the real property collateral
11 securing the Kobra deeds of trust to satisfy the Ten Forward,
12 Delightful Dining, or TGIA loans; they are limited to seeking
13 any deficiency from Alizadeh personally pursuant to the grant of
14 summary judgment on claims 15-16, 18, 20, 22, and 23.

           2.   Appointment of a Receiver

      The Kobra Defendants contend that the motion to appoint a
receiver should be denied first because Plaintiffs' causes of
action for foreclosure are barred by their causes of action for
damages and second because California law does not permit the
appointment of a receiver who is empowered to sell the real
property collateral.  For the reasons discussed in the preceding
section, Plaintiffs are entitled to entry of judgment on their
foreclosure actions so the Kobra Defendants' first argument
fails.  Second, California Code of Civil Procedure
§ 712.060 explicitly permits courts to "appoint a receiver . . .
to enforce a judgment for possession or sale of property."  The
Kobra Defendants rely on Hibernia Sav. & Loan Soc. v. Belcher, 4
Cal. 2d 268, 271 (1935), and California Code of Civil Procedure

1  § 564, but the rule from those authorities applies to pre-
2  judgment appointments.  Plaintiffs' current motion seeks
3  appointment of a post-judgment receiver, meaning that § 712.060
4  controls.  Additionally, Kobra agreed in the relevant deeds of
5  trust that it would not oppose the appointment of a post-
6  judgment receiver.  Vangrunsven Decl. (Doc. # 159-1) ¶¶ 24-25.
7       It is clear from Plaintiffs' motion on this issue that a
8  post-judgment receiver will serve the interests of all parties
9  by maintaining the Kobra properties pending their sale as well
10 as the collateral associated with all of the loans at issue in
11 this litigation.  The Kobra Defendants have not cited any
12 authority that limits the Court's authority to appoint a
13 receiver.  Plaintiffs' motion is accordingly granted.

## III. ORDER

16      Plaintiffs' motions for Entry of Judgment and Appointment
17 of a Receiver are GRANTED.  The Kobra Defendants are ordered to
18 submit a proposed final judgment that accords with this order
19 and is approved as to form by Plaintiffs within 10 days.
20      IT IS SO ORDERED.
21 Dated: July 3, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

10