Alison Gutierrez (Admitted Pro Hac Vice)
(Nebraska State Bar No. 24025)
**KUTAK ROCK LLP**
1650 Farnam Street
Omaha, Nebraska 68102
Telephone:    (402) 346-6000
Facsimile:    (402) 346-1148

Christopher D. Glos (State Bar No.: 210877)
**KUTAK ROCK LLP**
Suite 1500
5 Park Plaza
Irvine, CA 92614
Telephone:   (949) 417-0999
Facsimile:   (949) 417-5394
Email: Christopher.glos@kutakrock.com

Attorneys for Plaintiffs
GENERAL ELECTRIC CAPITAL
CORPORATION, CEF FUNDING II, L.L.C.
and CEF FUNDING V, LLC

**FILED**

JUL 31 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION; CEF FUNDING II, L.L.C. and CEF FUNDING V, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TEN FORWARD DINING, INC.; et al. <br><br> Defendants. | Case No.  2:09-cv-03296-JAM-AC <br><br> Assigned to Judge: <br> Hon. John A. Mendez, Ctrm.: 6 <br><br> Assigned to Magistrate: <br> Hon. Allison Claire, Ctrm.: 24 <br><br> **[PROPOSED] JUDGMENT AND FORECLOSURE DECREE** <br><br> Date:      June 19, 2013 <br> Time:     9:30 a.m. <br> Ctrm.:     6 <br> Judge:    Hon. John A. Mendez <br><br> Complaint Filed on:  November 25, 2009 |

On June 19, 2013, Plaintiffs General Electric Capital Corporation ("GECC"); CEF

Funding II, L.L.C. ("CEF II") and GECC, as successor-in-interest to CEF Funding V,

1   LLC ("CEF V")[1] (collectively, "Plaintiffs"), filed a Motion for entry of Final Judgment.

2   After consideration of the moving and opposing papers and consistent with the Court's

3   prior Order Granting Plaintiffs' Motion for Entry of Final Judgment, In Part [Docket No.

4   169], the Court NOW FINDS THAT:

5       (a)    Entry of final judgment in this matter is appropriate pursuant to Federal

6   Rule of Civil Procedure 54(b) because this Court has entered a final disposition of all

7   claims against all parties in this matter that have not otherwise been dismissed by

8   Plaintiffs, and there is no just reason to delay entry of final judgment.

9       (1)    The Court has entered a final disposition as to the claims asserted in

10   this matter pursuant to the following:

11       (i)    the Court's Order dated May 7, 2010, granting Plaintiffs'

12   Motion to Dismiss Defendants and Counterclaimants' Counterclaim for

13   Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to

14   FRCP 12(b)(6), which dismissed the Kobra Defendants' counterclaims

15   against Plaintiff;

16       (ii)    the Court's Order dated October 3, 2011, granting Plaintiffs'

17   Motion for Summary Judgment or, in the Alternative, Partial Summary

18   Judgment against Defendants Ten Forward Dining, Inc. ("Ten Forward"),

19   Delightful Dining, Inc. ("Delightful Dining"), TGIA Restaurants ("TGIA"),

20   Kobra Restaurant Properties, LLC ("Kobra") and Abolghassem Alizadeh

21   ("Alizadeh") (collectively, the "Kobra Defendants") (Filing No. 85), which

22   granted summary judgment in favor of Plaintiffs on Plaintiffs' first through

23   twelfth and fifteenth through twenty-third claims for relief;

24       (iii)    the Clerk's entry of Default as to Apex Property Advisors Inc.

25

26   [1] CEF V was dissolved and upon dissolution, CEF V's parent, CEF Holding V, LLC ("CEF
     Holding") succeeded to all of CEF V's rights and obligations. Subsequently, CEF Holding was
27   dissolved and upon dissolution, CEF Holding's parent, GECC succeeded to all of CEF Holding's
     rights and obligations.
28

("Apex") dated November 10, 2011, which provided that Apex is in default for failure to appear, plead or answer Plaintiffs' Complaint within the time allowed by applicable law;

(iv)   the Clerk's entry of Default as to the State of California Employment Development Department ("SCEDD") dated November 10, 2011, which provided that SCEDD is in default for failure to appear, plead or answer Plaintiffs' Complaint within the time allowed by applicable law;

(v)   the Court's Order dated February 28, 2012 granting Plaintiffs' Motion for Summary Judgment of against Defendants Mechanics Bank ("Mechanics Bank") and the United States of America ("USA") on Plaintiffs' twenty-fifth claim for relief;

(vi)   the Clerk's entry of Default as to the City of Citrus Heights ("Citrus Heights") dated March 22, 2013, which provided that Citrus Heights is in default for failure to appear, plead or answer Plaintiffs' Complaint within the time allowed by applicable law; and

(vii)   the Clerk's entry of Default as to the City of Grass Valley ("Grass Valley") dated March 22, 2013, which provided that Grass Valley is in default for failure to appear, plead or answer Plaintiffs' Complaint within the time allowed by applicable law.

(2)   The Court granted Plaintiffs' Motion to Voluntarily Dismiss Plaintiffs' thirteenth through fourteenth and twenty-fourth claim for relief; and has dismissed pursuant to stipulation of the parties Plaintiffs' twenty-fifth claim for relief as against Key Real Estate Equity Capital, Inc., the County of Placer, the City of Elk Grove, the County of Sacramento, the Sacramento Department of Public Works, the County of Nevada, the County of Shasta, Equity Lenders, LLC and the City of Redding.

(b)   The relief sought by Plaintiffs in their Motion for Entry of Final Judgment is in the best interests of Plaintiffs and all other parties-in-interest and all objections and

1  responses thereto are overruled, withdrawn or otherwise resolved.

2  Based on the foregoing, it is therefore ORDERED, ADJUDGED and DECREED as
3  follows:

4  (a) Judgment is hereby entered on GECC's first claim for relief against
5  Delightful Dining in the amount of $1,527,210.84 (the "Delightful Dining Indebted
6  Amount");

7  (b) Judgment is hereby entered on GECC's second claim for relief against
8  Delightful Dining for replevin of the Delightful Dining Collateral, described more
9  particularly in **Exhibit A** attached hereto and incorporated herein by this reference, and the
10  sale of the Delightful Dining Collateral with the proceeds to be applied in payment of the
11  amounts due to GECC;

12  (c) Judgment is hereby entered on GECC's third claim for relief against Ten
13  Forward in the amount of $857,472.49 (the "Ten Forward Indebted Amount");

14  (d) Judgment is hereby entered on GECC's fourth claim for relief against Ten
15  Forward for replevin of the Ten Forward Borrower Collateral, described more particularly
16  in **Exhibit B** attached hereto and incorporated herein by this reference,  and the sale of the
17  Ten Forward Borrower Collateral with the proceeds to be applied in payment of the
18  amounts due to GECC;

19  (e) Judgment is hereby entered on GECC's fifth claim for relief against Ten
20  Forward and Delightful Dining, jointly and severally, in the amount $220,380.11 (the "Ten
21  Forward/Delightful Dining Indebted Amount");

22  (f) Judgment is hereby entered on GECC's sixth claim for relief against Ten
23  Forward and Delightful Dining, jointly and severally, for replevin of the Ten
24  Forward/Delightful Dining Borrower Collateral, described more particularly in **Exhibit C**
25  attached hereto and incorporated herein by this reference, and the sale of the Ten
26  Forward/Delightful Dining Collateral with the proceeds to be applied in payment of the
27  amounts due to GECC;

28  (g) Judgment is hereby entered on Plaintiff GECC's, as successor-in-interest to

1   CEF V, seventh claim for relief against TGIA in the amount of $3,926,318.48, plus

2   accruing interest thereon from and after March 31, 2013, as provided in the TGIA Loan

3   Documents (the "TGIA Indebted Amount");

4       (h)     Judgment is hereby entered on GECC's eighth claim for relief against TGIA

5   for replevin of the TGIA Borrower Collateral, described more particularly in **Exhibit D**

6   attached hereto and incorporated herein by this reference, and the sale of the TGIA

7   Borrower Collateral with the proceeds to be applied in payment of the amounts due to

8   GECC;

9       (i)     With respect to GECC's, as successor-in-interest to CEF V, ninth claim for

10  relief against Kobra, pursuant to Cal. Code Civ. P. § 726(b):

11          (i)     a declaration is hereby entered that the outstanding amount due is

12      $672,693.29, plus accruing interest thereon from and after March 31, 2013, as

13      provided in the 11726 Kobra Loan Documents (the "11726 Kobra Indebted

14      Amount");

15          (ii)    Plaintiff GECC, as successor-in-interest to CEF V, has not waived its

16      right to seek a deficiency judgment relating to the 11726 Kobra Indebted Amount,

17      and Plaintiff GECC is not prohibited from doing so by Cal. Code Civ. P. § 580d;

18          (iii)   Defendants Kobra and Alizadeh (pursuant to paragraph (t) below)

19      shall each be personally liable for the payment of the 11726 Kobra Indebted

20      Amount that is secured by 11726 Kobra Deed of Trust; and

21          (iii)   A deficiency judgment may be ordered against Defendants Kobra and

22      Alizadeh, following the fair value hearings held pursuant to Cal. Code Civ. P. § 726

23      to determine the deficiency amount, if GECC, in its sole discretion, seeks such a

24      finding and order following the sale of the 11726 Kobra Property;

25      (j)     Judgment is hereby entered on GECC's, as successor-in-interest to CEF V,

26  tenth claim for relief against Kobra for replevin of the 11726 Kobra Collateral, insofar as it

27  consists of non-real property, and foreclosure of the 11726 Kobra Collateral, insofar as it

28  consists of real property, described more particularly in **Exhibit E** attached hereto and

1  incorporated herein by this reference, and the sale of the 11726 Kobra Collateral with the

2  proceeds to be applied in payment of the amounts due to GECC, as successor-in-interest to

3  CEF V;

4      (k)    With respect to GECC's, as successor-in-interest to CEF V, eleventh claim

5  for relief against Kobra, pursuant to Cal. Code Civ. P. § 726(b):

6          (i)    a declaration is hereby entered that the outstanding amount due is

7      $467,389.83, plus accruing interest thereon from and after March 31, 2013, as

8      provided in the 11794 Kobra Loan Documents (the "11794 Kobra Indebted

9      Amount" and collectively with the 11726 Kobra Indebted Amount, the "Kobra

10      Indebted Amount") (the Delightful Dining Indebted Amount, the Ten Forward

11      Indebted Amount, the Ten Forward/Delightful Dining Indebted Amount, the TGIA

12      Indebted Amount, and the Kobra Indebted Amount shall collectively be referred to

13      as the "Defendants' Indebted Amounts");

14          (ii).    Plaintiff GECC, as successor-in-interest to CEF V, has not waived its

15      right to seek a deficiency judgment relating to the 11794 Kobra Indebted Amount,

16      nor is Plaintiff GECC prohibited from doing so by Cal. Code Civ. P. § 580d;

17          (iii)    Defendants Kobra and Alizadeh (pursuant to paragraph (u) below)

18      shall each be personally liable for the payment of the 11794 Kobra Indebted

19      Amount that is secured by 11794 Kobra Deed of Trust; and

20          (iii)    A deficiency judgment may be ordered against Defendants Kobra and

21      Alizadeh, following the fair value hearings held pursuant to Cal. Code Civ. P. § 726

22      to determine the deficiency amount, if GECC, in its sole discretion, seeks such a

23      finding and order following the sale of the 11726 Kobra Property (as defined

24      below);

25      (l)    Judgment is hereby entered on GECC's, as successor-in-interest to CEF V,

26  twelfth claim for relief against Kobra for replevin and foreclosure of the 11794 Kobra

27  Collateral, described more particularly in **Exhibit F** attached hereto and incorporated

28  herein by this reference (the Delightful Dining Collateral, the Ten Forward Collateral, the

1   Ten Forward/Delightful Dining Collateral, the TGIA Collateral, the 11726 Kobra
2   Collateral and the 11794 Kobra Collateral collectively shall be known as the "Defendants'
3   Collateral"), and the sale of the 11794 Kobra Collateral with the proceeds to be applied in
4   payment of the amounts due to GECC, as successor-in-interest to CEF V. Nothing in this
5   judgment shall be construed to permit cross collateralization between the 11726 Kobra
6   Loan, the 11794 Kobra Loan and any other loan at issue in this lawsuit. Any sale of the
7   11726 Kobra Collateral and the 11794 Kobra Collateral may only be used to satisfy
8   indebted amounts associated with the 11726 Kobra Loan and the 11794 Kobra Loan;

9        (m)    Judgment is hereby entered on GECC's fifteenth claim for relief against
10   Alizadeh in the amount equal to the Delightful Dining Indebted Amount;

11       (n)    Judgment is hereby entered on GECC's sixteenth claim for relief against
12   Defendant Alizadeh in the amount equal to the Ten Forward Indebted Amount;

13       (o)    Judgment is hereby entered on GECC's seventeenth claim for relief against
14   Alizadeh for replevin of the Ten Forward Guarantor Collateral, described more
15   particularly in **Exhibit G** attached hereto and incorporated herein by this reference, and
16   the sale of the Ten Forward Guarantor Collateral with the proceeds to be applied in
17   payment of the amounts due to GECC;

18       (p)    Judgment is hereby entered on GECC's eighteenth claim for relief against
19   Alizadeh in an amount equal to the Ten Forward/Delightful Dining Indebted Amount;

20       (q)    Judgment is hereby entered on GECC's nineteenth claim for relief against
21   Alizadeh for replevin of the Ten Forward/Delightful Dining Guarantor Collateral,
22   described more particularly in **Exhibit H** attached hereto and incorporated herein by this
23   reference, and the sale of the Ten Forward/Delightful Dining Guarantor Collateral with the
24   proceeds to be applied in payment of the amounts due to GECC;

25       (r)    Judgment is hereby entered on GECC's, as successor-in-interest to CEF V,
26   twentieth claim for relief against Alizadeh in an amount equal to the TGIA Indebted
27   Amount;

28       (s)    Judgment is hereby entered on GECC's, as successor-in-interest to CEF V,

1     twenty-first claim for relief against Alizadeh for replevin of the TGIA Guarantor
2     Collateral, described more particularly in **Exhibit I** attached hereto and incorporated
3     herein by this reference, and the sale of the TGIA Guarantor Collateral with the proceeds
4     to be applied in payment of the amounts due to GECC, as successor-in-interest to CEF V;

5            (t)    Judgment is hereby entered on GECC's, as successor-in-interest to CEF V,
6     twenty-second claim for relief against Alizadeh in an amount equal to the 11726 Kobra
7     Indebted Amount;

8            (u)    Judgment is hereby entered on GECC's, as successor-in-interest to CEF V,
9     twenty-third claim for relief against Alizadeh in an amount equal to the 11794 Kobra
10    Indebted Amount;

11           (v)    Judgment is hereby entered on Plaintiffs' twenty-fifth claim for relief against
12    Defendants Mechanics Bank, USA, Apex, SCEDD, Citrus Heights and Grass Valley
13    declaring the parties rights and priorities with respect to the real and personal property at
14    issue in this matter as follows:

15                  (i)     With respect to the Delightful Dining Collateral, GECC has a first
16           and paramount lien against the Delightful Dining Collateral, and any right, title,
17           interest, lien or claim of Defendants USA or SCEDD, or any other party, is junior,
18           inferior, subsequent and subject to GECC's lien;

19                  (ii)    With respect to the Ten Forward Borrower Collateral, GECC has a
20           first and paramount lien against the Ten Forward Borrower Collateral, and any
21           right, title, interest, lien or claim of any other party, is junior, inferior, subsequent
22           and subject to GECC's lien;

23                  (iii)   With respect to the Ten Forward/Delightful Dining Collateral, GECC
24           has a first and paramount lien against the Ten Forward/Delightful Dining
25           Collateral, and any right, title, interest, lien or claim of Defendants USA, Apex or
26           SCEDD, or any other party, is junior, inferior, subsequent and subject to GECC's
27           lien;

28                  (iv)    With respect to the TGIA Borrower Collateral, GECC, as successor-

1    in-interest to CEF V, has a first and paramount lien against the TGIA Borrower

2    Collateral, and any right, title, interest, lien or claim of any other party, is junior,

3    inferior, subsequent and subject to GECC's, as successor-in-interest to CEF V, lien;

4         (v)    With respect to the 11726 Kobra Collateral, the lien of Shasta on the

5    11726 Kobra Collateral for real property taxes and assessments is senior in priority

6    to GECC's, as successor-in-interest to CEF V, mortgage lien on the 11726 Kobra

7    Collateral under the 11726 Kobra Deed of Trust. The lien of GECC, as successor-

8    in-interest to CEF V, against the 11726 Kobra Collateral is second in priority to the

9    lien of Shasta. Any right, title, interest, lien or claim of Mechanics Bank, or any

10   other party, to the 11726 Kobra Collateral, aside from Shasta, is junior, inferior,

11   subsequent and subject to GECC's, as successor-in-interest to CEF V, mortgage

12   lien;

13        (vi)   With respect to the 11794 Kobra Collateral, the liens of Defendants

14   Nevada and Redding on the 11794 Kobra Collateral for real property taxes and

15   assessments are senior in priority to GECC's, as successor-in-interest to CEF V,

16   mortgage lien on the 11794 Kobra Collateral under the 11794 Kobra Deed of Trust.

17   The lien of GECC, as successor-in-interest to CEF V, against the 11794 Kobra

18   Collateral is third in priority behind the liens of Nevada and Redding. Any right,

19   title, interest, lien or claim of the City of Grass Valley, or any other party, aside

20   from Nevada and Redding, is junior, inferior, subsequent and subject to GECC's, as

21   successor-in-interest to CEF V, mortgage lien;

22        (vii)   With respect to the Ten Forward Guarantor Collateral, GECC has a

23   first and paramount lien against the Ten Forward Guarantor Collateral, and any

24   right, title, interest, lien or claim of Defendants Apex or SCEDD, or any other

25   party, is junior, inferior, subsequent and subject to GECC's lien;

26        (viii)  With respect to the Ten Forward/Delightful Dining Guarantor

27   Collateral, GECC has a first and paramount lien against the Ten Forward/Delightful

28   Dining Guarantor Collateral, and any right, title, interest, lien or claim of

1   Defendants Apex or SCEDD, or any other party, is junior, inferior, subsequent and

2   subject to GECC's lien;

3       (ix)    With respect to the TGIA Guarantor Collateral, GECC has a first and

4   paramount lien against the TGIA Guarantor Collateral, and any right, title, interest,

5   lien or claim of Defendants Apex or SCEDD, or any other party, is junior, inferior,

6   subsequent and subject to GECC's lien;

7       (w)    The Delightful Dining Indebted Amount, plus any recoverable post-

8   judgment amounts related thereto, including but not limited to post-judgment interest, is

9   and shall continue to be secured by a lien against the Delightful Dining Collateral, granted

10   by Delightful Dining in favor of GECC;

11       (x)    The Ten Forward Indebted Amount, plus any recoverable post-judgment

12   amounts related thereto, including but not limited to post-judgment interest, is and shall

13   continue to be secured by a lien against the Ten Forward Borrower Collateral, granted by

14   Defendant Ten Forward in favor of GECC. The Ten Forward Indebted Amount is further

15   secured by a lien against the Ten Forward Guarantor Collateral granted by Defendant

16   Alizadeh in favor of GECC (the Ten Forward Borrower Collateral and the Ten Forward

17   Guarantor Collateral are together, the "Ten Forward Collateral");

18       (y)    The Ten Forward/Delightful Dining Indebted Amount, plus any recoverable

19   post-judgment amounts related thereto, including but not limited to post-judgment

20   interest, is and shall continue to be secured by a lien against the Ten Forward/Delightful

21   Dining Borrower Collateral, granted by Ten Forward and Delightful Dining in favor of

22   GECC. The Ten Forward/Delightful Dining Indebted Amount further is secured by a lien

23   against the Ten Forward/Delightful Dining Guarantor Collateral granted by Defendant

24   Alizadeh in favor of GECC (the Ten Forward/Delightful Dining Borrower Collateral and

25   Ten Forward/Delightful Dining Guarantor Collateral are together, the "Ten

26   Forward/Delightful Dining Collateral");

27       (z)    The TGIA Indebted Amount, plus any recoverable post-judgment amounts

28   related thereto, including but not limited to post-judgment interest, is and shall continue to

1    be secured by a lien against the TGIA Borrower Collateral, granted by TGIA in favor of

2    Plaintiff GECC, as successor-in-interest to CEF V.  The TGIA Indebted Amount further is

3    secured by a lien against the TGIA Guarantor Collateral granted by Defendant Alizadeh in

4    favor of GECC, as successor-in-interest to CEF V (the TGIA Borrower Collateral  and the

5    TGIA Guarantor Collateral are together, the "TGIA Collateral");

6            (aa)    The 11726 Kobra Indebted Amount, plus any recoverable post-judgment

7    amounts related thereto, including but not limited to post-judgment interest, is and shall

8    continue to be secured by a lien granted by Kobra in favor of GECC, as successor-in-

9    interest to CEF V, as successor-in-interest to GE Capital Franchise Finance Corporation

10   ("GEFF"), upon certain real property, including the 11726 Kobra Collateral.

11           (bb)    The 11794 Kobra Indebted Amount, plus any recoverable post-judgment

12   amounts related thereto, including but not limited to post-judgment interest, is and shall

13   continue to be secured by a lien granted by Kobra in favor of GECC, as successor-in-

14   interest to CEF V, as successor-in-interest to GEFF, upon certain real property, including

15   the 11794 Kobra Collateral;

16           (cc)    Pursuant to 28 U.S.C. §§ 2001(a), 2002 and 2004, upon the issuance by this

17   Court of one or more writs of sale as requested by Plaintiffs (and in such order as Plaintiffs

18   may determine), with respect to any portion of the Defendants' Collateral that secures the

19   Defendants' Indebted Amounts, or so much of it as may be necessary to satisfy the

20   Defendants' Indebted Amounts (provided that each Defendant's Collateral may only be

21   sold to satisfy that particular Defendant's Indebted Amounts secured thereby, i.e., the

22   Kobra Defendants' collateral may not be sold to satisfy the indebted amounts associated

23   with the other Defendants), shall be sold at public auction to the highest bidder by

24   Plaintiffs' choice of (i) any Receiver appointed by this Court following the entry of this

25   Judgment; (ii) the United States Marshal stationed in or assigned to the applicable county

26   in California; or (iii) the sheriff of the applicable county in California, if this Judgment is

27   properly registered with the California state court in the related county; each of the

28   foregoing individuals described in (i) through (iii) shall be deemed to be acting as levying

1     officer of this Court in carrying out such sale duties. The Plaintiff to which the

2     Defendants' Indebted Amounts are owed may be a purchaser at any such sale(s), and may

3     credit bid any portion of the Defendants' Indebted Amounts at such sale insofar as such

4     Plaintiff in its discretion determines to bid and provided that any such credit bid shall be

5     limited to only the debt secured by such Collateral. From the proceeds of the sale(s), the

6     levying officer shall deduct the court costs, expenses of the levy and sale, amounts

7     sufficient to pay and satisfy any liens on that portion of the Defendants' Collateral which

8     has priority over the liens of Plaintiffs (such as the lien of Shasta County against the 11726

9     Kobra Property for real property taxes and assessments and the liens of Nevada County

10     and the Cities of Redding Grass Valley against the 11794 Kobra Property for real property

11     taxes and assessments), and then pay the remainder to the Plaintiff which holds the lien

12     against that portion of the Defendants' Collateral which is sold on account of the

13     Defendants' Indebted Amounts. If any surplus remains from the sale(s) of the Defendants'

14     Collateral, after satisfaction in full of the related respective Defendants' Indebted

15     Amounts, the levying officer shall pay the next funds to the holders of the second liens on

16     the subject Defendants' Collateral, and, after their liens are satisfied in full, shall pay the

17     next proceeds to the owner of the portion of the Defendants' Collateral, the sale of which

18     property produced the surplus. Nothing in this judgment shall be construed to permit sale

19     of real property through a process of sale that does not conform with California Code of

20     Civil Procedure 726 as interpreted by this Court's July 5, 2013 order;

21         (dd)    Upon conclusion of the sale of either the 11726 Kobra Collateral and/or the

22     11794 Kobra Collateral, and upon payment of the proper consideration therefor (unless

23     Plaintiffs or their successors or assigns are the successful bidders by credit bid of the

24     11726 Kobra Indebted Amount and/or the 11794 Kobra Indebted Amount, respectively (in

25     which case a credit bid by such Plaintiff shall be sufficient consideration), a deed shall

26     issue conveying absolute title to said collateral to the successful bidder at the sale;

27         (ee)    On completion of the sale of any portion of the Delightful Dining Collateral,

28     the Ten Forward Collateral, the Ten Forward/Delightful Dining Collateral, and/or the

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

[PROPOSED] JUDGMENT AND FORECLOSURE DECREE

1  TGIA Collateral, the levying officer shall execute and deliver to the purchaser at the sale,
2  and the purchaser may record, a certificate of sale to or as directed by the purchaser, who
3  may then take possession of that portion of the Defendants' Collateral, if necessary, with
4  the assistance of the levying officer. If any of Plaintiffs is the successful bidder at the sale,
5  such Plaintiff may designate in writing to the levying officer at or after the sale an entity
6  through which it will take the certificate of sale to that portion of the Defendants'
7  Collateral;

8      (ff)    Public notice of the sale of any of the Defendants' Collateral that consists of
9  real property shall be given and shall include the time, place and terms of the sale and be
10  made by weekly publication for four successive weeks prior to the date of the sale
11  pursuant to 28 U.S.C. § 2002;

12      (gg)    Should Plaintiffs choose to sell any of the Defendants' Collateral that
13  consists of personal property at public auction pursuant to this Judgment, Plaintiffs shall
14  give public notice of the time, place and terms of the sale of such personal property and
15  hold the sale of the personal property in a commercial reasonable manner, with Plaintiffs
16  allowed to become the purchaser or purchasers of such personal property at the sale. At
17  any such sale of the personal property Defendants' Collateral, Plaintiffs or their respective
18  successors or assigns may credit bid this Judgment or a portion thereof, as provided under
19  paragraph (cc) hereof;

20      (hh)    After sale of the Defendants' Collateral, Plaintiffs may obtain confirmation
21  thereof by order of this Court;

22      (ii)    Plaintiffs may transcribe a certified copy of this Judgment to the Clerk's
23  office of the applicable California state court in any county where any of the real property
24  Collateral is located for the purposes of engaging in a sheriff's sale of the real property
25  Collateral;

26      (jj)    The sale of the 11726 Kobra Property and the 11794 Kobra Property shall be
27  subject to the statutory right of redemption, as provided under Cal. Code Civ. P.
28  §§ 729.010 – 729.090;

(kk)   Upon the conclusion of the sale, all persons having liens subsequent, junior and/or inferior to the liens of Plaintiffs, shall be forever barred and foreclosed from all equity of redemption in, and claim to, that portion of the Defendants' Collateral, and every part of it, which was sold;

(ll)   Plaintiff GECC, as successor-in-interest to CEF V, is entitled to recover from Kobra the amount of any deficiency after foreclosure and sale of the 11726 Kobra Collateral and the 11794 Kobra Collateral, plus accruing prejudgment interest as specified by each note at issue.  In the event Plaintiff GECC, as successor-in-interest to CEF V, forecloses on the 11726 Kobra Collateral and/or the 11794 Kobra Collateral, or any portion thereof, GECC, as successor-in-interest to CEF V, may in its discretion, but is not required to, proceed with fair value hearings pursuant to Cal. Code Civ. P. § 726 to determine the deficiency amount; and

(mm)  In addition to the sale procedures specified in paragraph (cc) hereof, Plaintiff GECC, as successor-in-interest to CEF V, subject to the provisions of Cal. Code Civ. P. § 726, and Plaintiffs GECC and CEF II shall be entitled to exercise any judgment enforcement provisions under Cal. Code Civ. P. §§ 699.510 – 699.560 and such other related provisions, upon proper registration of this Judgment with any California state court in the county in which any Plaintiff seeks to enforce this Judgment.

IT IS SO ORDERED.

Date: _July 30, 2013_

_____
HON. JOHN A. MENDEZ, JUDGE OF THE
UNITED STATES DISTRICT COURT

Respectfully submitted by:

Dated: July 25, 2013                    KUTAK ROCK LLP

1

2

3

4

5

By: */s/ Christopher D. Glos*
Christopher D. Glos
Alison M. Gutierrez
Attorneys for Plaintiffs
GENERAL ELECTRIC CAPITAL CORPORATION, CEF FUNDING II, L.L.C. and GENERAL ELECTRIC CAPITAL CORPORATION, as successor-in-interest to CEF FUNDING V, LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

### (Delightful Dining Collateral)

All of Delightful Dining's right, title and interest in: (a) all types of property included within the term "equipment" as defined by the Uniform Commercial Code (except vehicles, boats and airplanes), including machinery, furniture, appliances, trade fixtures, tools, and office and record keeping equipment; (b) all inventory, including all goods held for sale, raw materials, work in process and materials or supplies used or consumed in Delightful Dining's business; (c) all documents; general intangibles; accounts; contract rights; chattel paper and instruments; money; securities; investment properties; deposit accounts; supporting obligations; letters of credit and letter of credit rights; commercial tort claims; and records, software and information contained in computer media (such as data bases, source and object codes and information therein), together with any equipment and software to create, utilize, maintain or process any such records or data on electronic media; (d) any and all plans and specifications, designs, drawings and other matters prepared for any construction on any real property owned by or leased to Delightful Dining at the locations described below or regarding any improvements to any of such real property; (e) goodwill; *provided, however,* that the security interest in any franchise, license, or distributorship agreement is subject to the provisions of Section 9-408 of the Uniform Commercial Code; and (f) all replacements and substitutions for, all products, cash and non-cash proceeds (including insurance proceeds and any title and Uniform Commercial Code insurance proceeds) of, any of the foregoing, and, in the case of tangible collateral, together with all additions, attachments, accessions, parts, equipment and repairs now or hereafter attached or affixed thereto or used in connection therewith, in each case, to the extent used in connection with or otherwise relating to the operation of the businesses located at the following described real property located in the State of California (the "Delightful Dining Properties"):

| Store No. | Address | City | State |
|-----------|---------|------|-------|
| 262 | 1470 Eureka Road, Suite 170 | Roseville | CA |
| 268 | 10271 Fairway Drive, Suite 140 | Roseville | CA |
| 317 | 10940 Trinity Parkway, Suite H | Stockton | CA |
| 360 | 3654 North Freeway Boulevard, Suite 330 | Sacramento | CA |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4826-4251-6499.6

- 16 -

2:09-cv-03296 JAM AC

[PROPOSED] JUDGMENT AND FORECLOSURE DECREE

1

## EXHIBIT B

2

### (Ten Forward Borrower Collateral)

3

All of Ten Forward's right, title and interest in: (a) all types of property
included within the term "equipment" as defined by the Uniform
Commercial Code (except vehicles, boats and airplanes), including
machinery, furniture, appliances, trade fixtures, tools, and office and record
keeping equipment; (b) all inventory, including all goods held for sale, raw
materials, work in process and materials or supplies used or consumed in
Ten Forward's business; (c) all documents; general intangibles; accounts;
contract rights; chattel paper and instruments; money; securities;
investment properties; deposit accounts; supporting obligations; letters of
credit and letter of credit rights; commercial tort claims; and records,
software and information contained in computer media (such as data bases,
source and object codes and information therein), together with any
equipment and software to create, utilize, maintain or process any such
records or data on electronic media; (d) any and all plans and specifications,
designs, drawings and other matters prepared for any construction on any
real property owned by or leased to Ten Forward at the locations described
below or regarding any improvements to any of such real property;
(e) goodwill; *provided, however*, that the security interest in any franchise,
license, or distributorship agreement is subject to the provisions of Section
9-408 of the Uniform Commercial Code; and (f) all replacements and
substitutions for, all products, cash and non-cash proceeds (including
insurance proceeds and any title and Uniform Commercial Code insurance
proceeds) of, any of the foregoing, and, in the case of tangible collateral,
together with all additions, attachments, accessions, parts, equipment and
repairs now or hereafter attached or affixed thereto or used in connection
therewith, in each case, to the extent used in connection with or otherwise
relating to the operation of the businesses located at the following described
real property located in the State of California (the "Ten Forward
Properties"):

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

| Store No. | Address | City | State |
|-----------|---------|------|-------|
| 1117 | 7101 Laguna Blvd. | Elk Grove | CA |
| 1152 | 186 Nut Tree Parkway | Vacaville | CA |

19

20

21

22

23

24

25

26

27

28

## EXHIBIT C

### (Ten Forward/Delightful Dining Borrower Collateral)

All of Ten Forward's and Delightful Dining's right, title and interest in: (a) all types of property included within the term "equipment" as defined by the Uniform Commercial Code (except vehicles, boats and airplanes), including machinery, furniture, appliances, trade fixtures, tools, and office and record keeping equipment; (b) all inventory, including all goods held for sale, raw materials, work in process and materials or supplies used or consumed in Ten Forward's or Delightful Dining's business; (c) all documents; general intangibles; accounts; contract rights; chattel paper and instruments; money; securities; investment properties; deposit accounts; supporting obligations; letters of credit and letter of credit rights; commercial tort claims; and records, software and information contained in computer media (such as data bases, source and object codes and information therein), together with any equipment and software to create, utilize, maintain or process any such records or data on electronic media; (d) any and all plans and specifications, designs, drawings and other matters prepared for any construction on any real property owned by or leased to Ten Forward or Delightful Dining at the locations described below or regarding any improvements to any of such real property; (e) goodwill; *provided, however*, that the security interest in any franchise, license, or distributorship agreement is subject to the provisions of Section 9-408 of the Uniform Commercial Code; and (f) all replacements and substitutions for, all products, cash and non-cash proceeds (including insurance proceeds and any title and Uniform Commercial Code insurance proceeds) of, any of the foregoing, and, in the case of tangible collateral, together with all additions, attachments, accessions, parts, equipment and repairs now or hereafter attached or affixed thereto or used in connection therewith, in each case, to the extent used in connection with or otherwise relating to the operation of the businesses located at the Delightful Dining Properties.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT D

### (TGIA Borrower Collateral)

All of TGIA's right, title and interest in all of the equipment, machinery, furniture, trade fixtures, replacements, substitutions, additions, parts and accessories, including, without limitation, fryers, grills, ovens, warmers, refrigerators, freezers, waste disposal units, dishwashers, beverage dispensers, ice cream makers, racks, display cases, light fixtures, decor, counters, cash registers, salad equipment, tables, seating, signs and similar property of TGIA, together with all income therefrom and proceeds thereof, in each case, to the extent located at the following described real property located in the State of California (the "TGIA Properties"):

| Address | City | State |
|---------|------|-------|
| 1168 Galleria Blvd. | Roseville | CA |
| 6307 Sunrise Blvd. | Citrus Heights | CA |
| 1229 Howes Ave. | Sacramento | CA |

# EXHIBIT E

## (11726 Kobra Collateral)

All of Kobra's right, title and interest in and to (a) the 11726 Kobra Property (as specifically described below), together with all rights, privileges and appurtenances associated therewith and all buildings, fixtures and other improvements now or hereafter located thereon (whether or not affixed to such real estate); (b) all rents, issues, profits, royalties, income and other benefits derived from the 11726 Kobra Property and the 11726 Kobra Personal Property (as defined below); all leases or subleases covering the 11726 Kobra Property, the 11726 Kobra Personal Property or any portion thereof now or hereafter existing or entered into (collectively, "11726 Kobra Leases"), including, without limitation, all cash or security deposits, advance rentals and deposits or payments of similar nature and all guaranties relating to the 11726 Kobra Leases; all options to purchase or lease the 11726 Kobra Property, the 11726 Kobra Personal Property or any portion thereof or interest therein, and any greater estate in the 11726 Kobra Property or the 11726 Kobra Personal Property; all interests, estate or other claims, both in law and in equity, with respect to the 11726 Kobra Property and the 11726 Kobra Personal Property; all easements, rights-of-way and rights used in connection therewith or as a means of access thereto, and all tenements, hereditaments and appurtenances thereof and thereto, and all water rights and shares of stock evidencing the same; all land lying within the right-of-way of any street, open or proposed, adjoining the 11726 Kobra Property and any and all sidewalks, alleys and strips and gores of land adjacent to or used in connection with the 11726 Kobra Property; (c) all tangible personal property now or at any time hereafter located on or at the 11726 Kobra Property or used in connection therewith, including, without limitation, all machinery, furniture, equipment and inventory (collectively, the "11726 Kobra Personal Property"); (d) all existing and future accounts, contract rights, including, without limitation, with respect to equipment leases, general intangibles, files, books of account, agreements, franchise, license and/or area development agreements, distributor agreements, indemnity agreements, permits, licenses and certificates necessary or desirable in connection with the acquisition, ownership, leasing, construction, operation, servicing or management of the 11726 Kobra Property and the 11726 Kobra Personal Property or any portion thereof, whether now existing or entered into or obtained after the date hereof, all existing and future names under or by which the 11726 Kobra Property or the 11726 Kobra Personal Property or any portion thereof may at any time be operated or known, all rights to carry on business under any such names or any variant thereof, and all existing and future telephone numbers and listings, advertising and marketing materials, trademarks and goodwill in any way relating to the 11726 Kobra Property or the 11726 Kobra Personal Property or any portion thereof; and (e) all the claims or demands with respect to the 11726 Kobra Property and the 11726 Kobra Personal Property or any portion thereof, including, without limitation, claims or demands with respect to the proceeds of insurance in effect with respect thereto, claims under any indemnity agreement, including, without limitation, any indemnity agreement executed for the benefit of the 11726 Kobra Property and the 11726 Kobra Personal Property or any portion thereof with respect to hazardous materials, and any and all awards made for the taking by eminent domain, or by any proceeding or purchase in lieu thereof, of the whole or any part of the 11726 Kobra Property or the 11726

Kobra Personal Property, including, without limitation, any awards resulting from a change of grade of streets and awards for severance damages.

The 11726 Kobra Property is specifically described as follows:

THE LAND DESCRIBED IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SHASTA, CITY OF REDDING AND IS A PORTION OF BLOCK C OTTONELLO SUBDIVISION AND THE EAST HALF OF THE NORTHEAST QUARTER OF SECTION 6, TOWNSHIP 31 NORTH, RANGE 4 WEST, M.D.M. & M, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT THE NORTHWEST CORNER OF LOT 4, BLOCK C AS SHOWN ON THE MAP ENTITLED THE OTTONELLO SUBDIVISION, FILED IN BOOK 6 OF MAPS AT PAGE 24, SHASTA COUNTY RECORDS;

THENCE SOUTH 88°48' EAST 13.00 FEET TO THE NORTHERLY RIGHT OF WAY OF HILLTOP AVENUE, ALSO BEING THE NORTHWESTERLY CORNER OF THE LAND DESCRIBED IN THE GRANT DEED TO KOBRA PROPERTIES, FILED IN BOOK 3298 OF OFFICIAL RECORDS AT PAGE 797, SHASTA COUNTY RECORDS, SAID POINT BEING THE TRUE POINT OF BEGINNING;

THENCE ALONG THE NORTHERLY LINE OF SAID LOT 4 SOUTH 88°48' EAST 137.00 FEET TO THE NORTHEAST CORNER OF SAID LOT 4; THENCE SOUTH 88°48' EAST 35.56 FEET TO THE NORTHWEST CORNER OF THE LAND DESCRIBED IN THE GRANT DEED TO BURGER KING CORPORATION, FILED IN BOOK 1360 OF OFFICIAL RECORDS AT PAGE 612, SHASTA COUNTY RECORDS, THENCE ALONG THE EAST LINE OF THE ABOVEMENTIONED LANDS SOUTH 00°20'00" WEST 169.71 FEET TO THE NORTH LINE OF THE RIGHT OF WAY OF CYPRESS AVENUE; THENCE WESTERLY ALONG SAID RIGHT OF WAY NORTH 89°40'00" WEST 38.13 FEET TO THE SOUTHEAST CORNER OF LOT 3, BLOCK C OF THE AFOREMENTIONED OTTONELLO SUBDIVISION; THENCE CONTINUING ALONG SAID RIGHT OF WAY NORTH 89°40'00" WEST 106.56 FEET TO A TANGENT CURVE TO THE RIGHT WITH A RADIUS OF 30.00 FEET AND A DELTA OF 90°52'00"; THENCE ALONG THE ARC A LENGTH OF 47.58 FEET; THENCE CONTINUING ALONG THE EASTERLY RIGHT OF WAY OF HILLTOP DRIVE NORTH 1°12'00" EAST 141.89 TO THE TRUE POINT OF BEGINNING.

APN 107-210-052

## EXHIBIT F

### (11794 Kobra Collateral)

All of Kobra's right, title and interest in and to (a) the 11794 Kobra Property (as specifically described below), together with all rights, privileges and appurtenances associated therewith and all buildings, fixtures and other improvements now or hereafter located thereon (whether or not affixed to such real estate); (b) all rents, issues, profits, royalties, income and other benefits derived from the 11794 Kobra Property and the 11794 Kobra Personal Property (as defined below); all leases or subleases covering the 11794 Kobra Property, the 11794 Kobra Personal Property or any portion thereof now or hereafter existing or entered into (collectively, "11794 Kobra Leases"), including, without limitation, all cash or security deposits, advance rentals and deposits or payments of similar nature and all guaranties relating to the 11794 Kobra Leases; all options to purchase or lease the 11794 Kobra Property, the 11794 Kobra Personal Property or any portion thereof or interest therein, and any greater estate in the 11794 Kobra Property or the 11794 Kobra Personal Property; all interests, estate or other claims, both in law and in equity, with respect to the 11794 Kobra Property and the 11794 Kobra Personal Property; all easements, rights-of-way and rights used in connection therewith or as a means of access thereto, and all tenements, hereditaments and appurtenances thereof and thereto, and all water rights and shares of stock evidencing the same; all land lying within the right-of-way of any street, open or proposed, adjoining the 11794 Kobra Property and any and all sidewalks, alleys and strips and gores of land adjacent to or used in connection with the 11794 Kobra Property; (c) all tangible personal property now or at any time hereafter located on or at the 11794 Kobra Property or used in connection therewith, including, without limitation, all machinery, furniture, equipment and inventory (collectively, the "11794 Kobra Personal Property"); (d) all existing and future accounts, contract rights, including, without limitation, with respect to equipment leases, general intangibles, files, books of account, agreements, franchise, license and/or area development agreements, distributor agreements, indemnity agreements, permits, licenses and certificates necessary or desirable in connection with the acquisition, ownership, leasing, construction, operation, servicing or management of the 11794 Kobra Property and the 11794 Kobra Personal Property or any portion thereof, whether now existing or entered into or obtained after the date hereof, all existing and future names under or by which the 11794 Kobra Property or the 11794 Kobra Personal Property or any portion thereof may at any time be operated or known, all rights to carry on business under any such names or any variant thereof, and all existing and future telephone numbers and listings, advertising and marketing materials, trademarks and goodwill in any way relating to the 11794 Kobra Property or the 11794 Kobra Personal Property or any portion thereof; and (e) all the claims or demands with respect to the 11794 Kobra Property and the 11794 Kobra Personal Property or any portion thereof, including, without limitation, claims or demands with respect to the proceeds of insurance in effect with respect thereto, claims under any indemnity agreement, including, without limitation, any indemnity agreement executed for the benefit of the 11794 Kobra Property and the 11794 Kobra Personal Property or any portion thereof with respect to hazardous materials, and any and all awards made for the taking by eminent domain, or by any proceeding or purchase in lieu thereof, of the whole or any part of the 11794 Kobra Property or the 11794

1   Kobra Personal Property, including, without limitation, any awards
2   resulting from a change of grade of streets and awards for severance
    damages.

3

4   The 11794 Kobra Property is specifically described as follows:

5   THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF
    CALIFORNIA, COUNTY OF NEVADA, UNINCORPORATED AREA,
6   AND IS DESCRIBED AS FOLLOWS:

7   THAT CERTAIN PARCEL OF LAND SITUATED ON THE
    SOUTHEAST SIDE OF THE GRASS VALLEY NEVADA CITY
8   HIGHWAY IN THE EAST HALF OF SECTION 23, TOWNSHIP 16
    NORTH, RANGE 8 EAST, M.D.B. & M., PARTICULARLY
9   DESCRIBED AS FOLLOWS, TO-WIT:

10  COMMENCING AT A POINT ON THE SOUTHEASTERLY LINE OF
    THAT CERTAIN PARCEL OF LAND AS CONVEYED BY THAT
11  CERTAIN DEED EXECUTED BY RUTH FLOYD, A WIDOW TO C.H.
    TRUBSCHENCK, SR., AND J.L. STRICKLAND, DATED AUGUST 21,
12  1946 AND RECORDED IN BOOK 124 OF OFFICIAL RECORDS OF
    NEVADA COUNTY, PAGE 385, ET SEQ., FROM WHICH THE ONE-
13  QUARTER SECTION CORNER ON THE EAST SIDE OF SAID
    SECTION 23 BEARS SOUTH 45 DEGREES 10' EAST 456.59 FEET;
14  THENCE FROM SAID POINT OF COMMENCEMENT SOUTH 52
    DEGREES 58' WEST 160.00 FEET TO THE SOUTHEASTERLY
15  CORNER OF THAT CERTAIN PARCEL OF LAND CONVEYED BY
    C.K. TRUBSCHENCK, SR., ET AL, TO WAYNE THORNBERG, ET
16  UX, IN DEED DATED JANUARY 3, 1948, THENCE RUNNING
    ALONG THE NORTHEASTERLY LINE OF SAID THORNBERG
17  PROPERTY, NORTH 37 DEGREES 01' WEST 207.40 FEET TO A
    POINT ON THE SOUTHEASTERLY LINE OF SAID STATE
18  HIGHWAY; THENCE ALONG SAID SOUTHEASTERLY LINE
    NORTH 53 DEGREES 03' EAST 22.13 FEET AND NORTH 52
19  DEGREES 50' EAST 137.87 FEET; THENCE LEAVING SAID LINE
    AND RUNNING SOUTH 37 DEGREES 01' EAST 207.69 FEET TO THE
20  PLACE OF BEGINNING.

21  EXCEPTING THEREFROM THE MINERAL BELOW 100 FEET OF
    THE SURFACE AS CONVEYED BY THE DEED DATED SEPTEMBER
22  29, 1937, RECORDED NOVEMBER 1, 1937, IN BOOK 39, OF
    OFFICIAL RECORDS, PAGE 230, EXECUTED BY JESSIE HINDS
23  AND E.G. HINDS, HER HUSBAND TO FRANK FINNEGAN.

24  ALSO EXCEPTING THEREFROM ALL THAT PORTION CONVEYED
    BY THE DEED DATED OCTOBER 24, 1980, RECORDED
25  NOVEMBER 6, 1980, OFFICIAL RECORDS, DOCUMENT NO. 80-
    30894, EXECUTED BY NORTHERN CALIFORNIA FOOD SERVICES,
26  INC., TO THE COUNTY OF NEVADA.

27  APN: 35-310-10

28

# EXHIBIT G

## (Ten Forward Guarantor Collateral)

All of Alizadeh's right, title and interest in: (a) all types of property included within the term "equipment" as defined by the Uniform Commercial Code (except vehicles, boats and airplanes), including machinery, furniture, appliances, trade fixtures, tools, and office and record keeping equipment; (b) all inventory, including all goods held for sale, raw materials, work in process and materials or supplies used or consumed in Ten Forward's business; (c) all documents; general intangibles; accounts; contract rights; chattel paper and instruments; money; securities; investment properties; deposit accounts; supporting obligations; letters of credit and letter of credit rights; commercial tort claims; and records, software and information contained in computer media (such as data bases, source and object codes and information therein), together with any equipment and software to create, utilize, maintain or process any such records or data on electronic media; (d) any and all plans and specifications, designs, drawings and other matters prepared for any construction on any real property owned by or leased to Ten Forward at the locations described below or regarding any improvements to any of such real property; (e) goodwill; *provided, however,* that the security interest in any franchise, license, or distributorship agreement is subject to the provisions of Section 9-408 of the Uniform Commercial Code; and (f) all replacements and substitutions for, all products, cash and non-cash proceeds (including insurance proceeds and any title and Uniform Commercial Code insurance proceeds) of, any of the foregoing, and, in the case of tangible collateral, together with all additions, attachments, accessions, parts, equipment and repairs now or hereafter attached or affixed thereto or used in connection therewith, in each case, to the extent used in connection with or otherwise relating to the operation of the businesses located at the following described real property located in the State of California (the "Ten Forward Properties"):

| Store No. | Address | City | State |
|-----------|---------|------|-------|
| 1117 | 7101 Laguna Blvd. | Elk Grove | CA |
| 1152 | 186 Nut Tree Parkway | Vacaville | CA |

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4826-4251-6499.6

- 24 -

2:09-cv-03296 JAM AC

[PROPOSED] JUDGMENT AND FORECLOSURE DECREE

1

# EXHIBIT H

2

### (Ten Forward/Delightful Dining Guarantor Collateral)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

All of Alizadeh's right, title and interest in: (a) all types of property included within the term "equipment" as defined by the Uniform Commercial Code (except vehicles, boats and airplanes), including machinery, furniture, appliances, trade fixtures, tools, and office and record keeping equipment; (b) all inventory, including all goods held for sale, raw materials, work in process and materials or supplies used or consumed in Ten Forward's business; (c) all documents; general intangibles; accounts; contract rights; chattel paper and instruments; money; securities; investment properties; deposit accounts; supporting obligations; letters of credit and letter of credit rights; commercial tort claims; and records, software and information contained in computer media (such as data bases, source and object codes and information therein), together with any equipment and software to create, utilize, maintain or process any such records or data on electronic media; (d) any and all plans and specifications, designs, drawings and other matters prepared for any construction on any real property owned by or leased to Ten Forward at the Ten Forward Properties or regarding any improvements to any of such real property; (e) goodwill; *provided, however*, that the security interest in any franchise, license, or distributorship agreement is subject to the provisions of Section 9-408 of the Uniform Commercial Code; and (f) all replacements and substitutions for, all products, cash and non-cash proceeds (including insurance proceeds and any title and Uniform Commercial Code insurance proceeds) of, any of the foregoing, and, in the case of tangible collateral, together with all additions, attachments, accessions, parts, equipment and repairs now or hereafter attached or affixed thereto or used in connection therewith, in each case, to the extent used in connection with or otherwise relating to the operation of the businesses located at the Ten Forward Properties.

18

19

20

21

22

23

24

25

26

27

28

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4826-4251-6499.6

- 25 -

2:09-cv-03296 JAM AC

[PROPOSED] JUDGMENT AND FORECLOSURE DECREE

## EXHIBIT I

### (TGIA Guarantor Collateral)

All of Alizadeh's right, title and interest in: (a) all types of property included within the term "equipment" as defined by the Uniform Commercial Code (except vehicles, boats and airplanes), including machinery, furniture, appliances, trade fixtures, tools, and office and record keeping equipment; (b) all inventory, including all goods held for sale, raw materials, work in process and materials or supplies used or consumed in TGIA's business; (c) all documents; general intangibles; accounts; contract rights; chattel paper and instruments; money; securities; investment properties; deposit accounts; supporting obligations; letters of credit and letter of credit rights; commercial tort claims; and records, software and information contained in computer media (such as data bases, source and object codes and information therein), together with any equipment and software to create, utilize, maintain or process any such records or data on electronic media; (d) any and all plans and specifications, designs, drawings and other matters prepared for any construction on any real property owned by or leased to TGIA at the TGIA Properties or regarding any improvements to any of such real property; (e) goodwill; *provided, however*, that the security interest in any franchise, license, or distributorship agreement is subject to the provisions of Section 9-408 of the Uniform Commercial Code; and (f) all replacements and substitutions for, all products, cash and non-cash proceeds (including insurance proceeds and any title and Uniform Commercial Code insurance proceeds) of, any of the foregoing, and, in the case of tangible collateral, together with all additions, attachments, accessions, parts, equipment and repairs now or hereafter attached or affixed thereto or used in connection therewith, in each case, to the extent used in connection with or otherwise relating to the operation of the businesses located at the TGIA Properties.

KUTAK ROCK LLP
ATTORNEYS AT LAW
IRVINE

4826-4251-6499.6

- 26 -

2:09-CV-03296 JAM AC

[PROPOSED] JUDGMENT AND FORECLOSURE DECREE