UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, et al.,<br><br>          Plaintiffs,<br><br>    v.<br><br>TEN FORWARD DINING, INC., et al.,<br><br>          Defendants. | No. 2:09-cv-03296 JAM-AC<br><br>**ORDER GRANTING THE RECEIVER'S EX PARTE APPLICATION AND DENYING KOBRA RESTAURANT PROPERTIES, LLC'S MOTION TO STRIKE** |

    This matter is before the Court on Receiver Bellann Raile's (the "Receiver") Ex Parte Application for Authority to Employ Legal Counsel to Assist in Administration of Receivership Estate (Doc. #181).[1] Defendant Kobra Restaurant Properties, LLC ("KRP") opposes the application (Doc. #183). General Electric Capital Corporation, CEF Funding II, LLC, and CEF Funding V, LLC's ("Plaintiffs") and the Receiver filed replies (Doc. ##190, 192). KRP filed objections and a motion to strike Plaintiffs' reply

---

[1] The motions were determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). No hearing was scheduled.

1

(Doc. #191). For the reasons mentioned below, the Receiver's ex parte application is granted in its entirety and KRP's motion to strike is denied.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

This action originated when Plaintiffs filed their Complaint on November 29, 2009, alleging that Defendants Ten Forward Dining; Delightful Dining, Inc.; TGIA Restaurants, Inc.; Kobra Restaurant Properties, LLC; and Abolghassem Alizadeh defaulted on or breached seven written loan contracts made with Plaintiffs (Doc. #1). Through the course of the litigation, Plaintiffs have either obtained summary judgment against each named entity or voluntarily dismissed outstanding claims. On July 5, 2013, the Court granted Plaintiffs' motions for entry of judgment and appointment of a receiver (Doc. #169). On July 31, 2013, the Court appointed Bellann Raile of Cordes & Company as the post-judgment receiver for the purposes of carrying out the final judgment. Order Appointing Receiver ("Order"), Doc. #176, at 2.

## II. OPINION

### A. Legal Standard

Pursuant to the Order, the Receiver has the power to sell all or any portion of the collateral—two pieces of real property—to satisfy the judgment. Order at 2. In addition to this power, the Receiver was granted various other rights, including the right to demand, collect, and receive all rents, profits, and income derived from the collateral and to retain any person, firm, and attorneys subject to prior authorization of this Court,

2

as required under Local Rule 232(g).  Order 3-4.  Local Rule 232(g) provides that "[a] receiver shall not employ an attorney, accountant, or investigator without first obtaining an order of the Court authorizing such employment, which order may set forth a tentative basis for computation of compensation."  L.R. 232(g).

     B.   <u>Discussion</u>

In this case, the Receiver seeks to engage Bruce Cornelius, of counsel to the law firm of Belzer & Murray LLP, to assist her with the preparation of all necessary legal documents and pleadings to conduct public sales and to obtain direction from the Court when faced with opposition to any proposed actions.  Ex Parte Application, Doc. #181, at 2.  In addition, the Receiver seeks "legal assistance to present to this Court all appropriate motions to approve the sale of the Properties in general accordance with the rules of the Court and the powers granted to her as Receiver."  <u>Id.</u>  KRP opposes the Receiver's application unless employment of legal counsel is expressly conditioned on Plaintiffs' committing to pay the entire cost of counsel because it believes that legal counsel is not necessary to collect rent on the triple-net leases.  Opp. at 10-11.

However, as the Receiver clarifies in her reply, she seeks legal counsel not to collect rent, which she concedes is a limited task, but to assist her in the marketing and selling of the collateral.  <u>See</u> Receiver Reply at 2.  KRP does not address this reason in its opposition.  Furthermore, the application sets forth a reasonable rate of compensation at an hourly billing rate of $375 or less as may be charged by other members of the firm.  Ex Parte Application at 4.  KRP also argues that the attorneys'

fees should not be paid from the collateral.  However, the issue of how to allocate the fees is not currently before the Court. Therefore, the Court finds that employing legal counsel is appropriate in this case to assist the Receiver with legal matters related to the marketing and selling of the collateral. Accordingly, the Court grants the Receiver authority to engage legal counsel.

  C. <u>Plaintiffs' Reply and KRP's Objections and Motion</u>

  On November 4, 2011, the Court ordered "Receiver Bellann Raile to file a reply in response to Defendants opposition no later than Friday, November 8, 2013."  Minute Order, Doc. #184. On November 8, 2013, Plaintiffs filed a reply (Doc. #190) and KRP filed objections to Plaintiffs' reply and moved to strike a portion of the reply (Doc. #191).  However, the Court did not give Plaintiffs leave to file a reply or give KRP leave to file objections.  Accordingly, the Court has not considered Plaintiffs' reply or KRP's objections and therefore, the Court denies KRP's motion to strike as moot.

## III.   ORDER

  The Receiver's Ex Parte Application for Authority to Employ Legal Counsel to Assist in Administration of Receivership Estate is GRANTED.  KRP's motion to strike is denied.

  IT IS SO ORDERED.

Dated: November 27, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4