UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> TEN FORWARD DINING, INC., et al., <br><br> Defendants. | No.  2:09-cv-03296 JAM-AC <br><br> **ORDER GRANTING PLAINTIFFS' MOTION FOR CORRECTION OF FINAL JUDGMENT** |

    This matter is before the Court on Plaintiffs General Electric Capital Corporation, CEF Funding II, L.L.C., and CEF Funding V, LLC's ("Plaintiffs") Motion for Correction of Final Judgment (Doc. #180).[1]  Defendant Kobra Restaurant Properties, LLC ("KRP") opposes the motion (Doc. #189) and Plaintiffs replied (Doc. #194).  For the following reasons, Plaintiffs' motion is granted.

---

[1] The motions were determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for November 20, 2013.

1

## I. BACKGROUND

This action originated when Plaintiffs filed their complaint on November 29, 2009, alleging that Defendants Ten Forward Dining; Delightful Dining, Inc.; TGIA Restaurants, Inc.; Kobra Restaurant Properties, LLC; and Abolghassem Alizadeh defaulted on or breached seven written loan contracts made with Plaintiffs (Doc. #1). The complaint alleged that the loans were secured by real and physical property. Through the course of the litigation, Plaintiffs have either obtained summary judgment against each named entity or voluntarily dismissed outstanding claims. On July 5, 2013, the Court granted Plaintiffs' motions for entry of judgment and appointment of a receiver (Doc. #169). On July 31, 2013, the Court issued its judgment and foreclosure decree. Decree, Doc. #177.

As set forth in the Decree, a declaration was entered that (1) "the outstanding amount due is $672,693.29, plus accruing interest thereon from and after March 31, 2013, as provided in the 11726 Kobra Loan Documents (the '11726 Kobra Indebted Amount')" and (2) "the outstanding amount due is $467,389.83, plus accruing interest thereon from and after March 31, 2013, as provided in the 11794 Kobra Loan Documents (the '11794 Kobra Indebted Amount' and collectively with the 11726 Kobra Indebted Amount, the 'Kobra Indebted Amount')." Decree at 5-6.

## II. OPINION

A. <u>Legal Standard</u>

Pursuant to Federal Rule of Civil Procedure 60(a) ("Rule 60(a)"), "The court may correct a clerical mistake or a mistake

2

arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). This limits the use of Rule 60(a) to correct errors in oversight and omission, which are "blunders in execution." Blanton v. Anzalone, 813 F.2d 1574, 1577 n. 2 (9th Cir. 1987). The error can be corrected whether it is made by a clerk or by the judge. Id. at 1577; see also Jones & Guerrero Co., Inc. v. Sealift Pac., 650 F.2d 1072, 1074 (9th Cir. 1981) ("Rule 60(a) allows correction of clerical mistakes, even those not committed by the clerk.")

B. Discussion

Plaintiffs argue that the actual dollar amounts of the outstanding balances are correct, but Plaintiffs erred by reversing the outstanding balances of the two Kobra Loans. KPR opposes the motion to correct the judgment because it claims that the loan balances are inflated and argues that ruling on this motion should be deferred until Plaintiffs provide a complete accounting so the loan balances/judgment amount can be verified. Opp. at 8.

Under Rule 60(a), the Court may not make substantive changes to the final judgment. Blanton v. Anzalone, 813 F.2d 1574, 1577 (9th Cir. 1987) (noting that mistakes that cannot be corrected pursuant to Rule 60(a) "consist of instances where the court *changes its mind,* either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.") (emphasis in original) (citation omitted).

Here, KPR's argument is that there is a factual mistake in the judgment because Plaintiffs have incorrectly calculated the loan balances. However, correcting a factual mistake, which alters the judgment substantively, is outside of the Court's power under Rule 60(a). Therefore, the Court cannot provide the relief KPR seeks. Contrastingly, Plaintiffs neither seek to recalculate the outstanding loan amounts nor seek to change the Decree substantively. Moreover, as Plaintiffs argue, KPR had an opportunity in its opposition to Plaintiffs' Motion for Final Judgment to contest the entry of the Decree and the calculation of the 11726 Kobra Indebted Amount and the 11794 Kobra Indebted Amount. See KPR's Opposition to Plaintiffs' Motion for Final Judgment KPR, Doc. #160. Finally, KPR has failed to oppose Plaintiffs' arguments that Rule 60(a) applies and that the outstanding balances for the two loans are transposed.

Accordingly, the Court finds that it has the authority under Rule 60(a) to correct the final judgment. Because the Court has decided this issue on the merits, the Court need not address Plaintiffs' argument that KPR's opposition is time barred under the Local Rules.

### III. ORDER

Plaintiffs' motion for correction of final judgment is GRANTED. The Decree shall be corrected as follows:

(a) the dollar amount stated as the outstanding amount under Paragraph (i)(i) of the Decree on page 5 is corrected from $672,693.29 to $467,389.83, plus accruing interest thereon from and after March 31, 2013, as provided in the 11726 Kobra Loan

Documents; and

   (b) the dollar amount stated as the outstanding amount under Paragraph (k)(i) of the Decree on page 6 is corrected from $467,389.83 to $672,693.29, plus accruing interest thereon from and after March 31, 2013, as provided in the 11794 Kobra Loan Documents.

   IT IS SO ORDERED.

Dated: December 10, 2013

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

5